[No. 2178.   Decided October 1, 1896.]

TOWN OF TUMWATER, *Appellant*, v. WILLLIAM PIX, *Respondent*.

MUNICIPAL CORPORATIONS — NOTICE OF STREET ASSESSMENT — SUFFICIENCY — PLEADING.

Personal notice to a property owner affected by a proposed levy of assessments for a street improvement is sufficient, even where the statute provides for publication of notice in an official newspaper.

Where a municipality of the fourth class proposes to levy an assessment for a street improvement under Laws 1893, p. 226, which requires notice thereof to be published in the official newspaper of the corporation for ten days, but the town is not authorized by law to designate an official newspaper, the requirements of the statute as to notice will be satisfied by personal service of notice upon the parties affected by the proposed assessment.

An allegation in a complaint that "notice of an assessment and of the hearing and considering of objections to the assessment roll was given defendant personally," is sufficient, as against a demurrer, to show that actual notice was given to defendant.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge.   Reversed.

*Milo A. Root*, for appellant.

*Charles H Ayer*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The town of Tumwater, a municipal

corporation of the fourth class, brought this action under the provisions of Chapter XCV of the laws of 1893 (p. 226), to foreclose a lien upon certain real estate of defendant for grading and improving the street in front of such property. The defendant interposed a demurrer to the amended complaint, which demurrer was sustained by the court.

The demurrer attacked the complaint for the reason that the same did not state facts sufficient to constitute a cause of action. The appellant addresses itself in its brief to only one objection, viz., the lack of proper notice. The respondent, however, raises three questions, viz., that the complaint fails to state that an assessment has been made and in lieu of this primary requisite says that the city *attempted* to levy an assessment; that the notice given was not sufficient; and that, if it was, the service of the notice was not properly pleaded.

We think there is nothing in the first contention worthy of discussion. The law under which the action was brought was to correct attempted assessments. If it had been an assessment under the law there would have been no occasion for the enactment.

The second objection, that the complaint shows a want of notice, we think is more technical than meritorious. Sec. 4 of the act provides that upon receiving the said assessment roll the clerk of such city or town shall give notice by three successive publications in the official newspaper of such city or town that such assessment roll is on file in his office; the date of filing of same, and said notice shall state a time at which the council will hear and consider objections to said assessment roll by the parties aggrieved by such assessment; and provides for ten days'

notice, etc.   The complaint in this case, in regard to notice, is as follows:

"That December 17, 1894, at one o'clock P. M. was fixed by the Tumwater council as the time for considering and hearing by it any and all objections to assessments and assessment rolls referred to in the foregoing paragraph; that notice of said hearing and of said assessment was given on December 5, 1894, by one publication in the Morning Olympian, a daily and weekly newspaper of general circulation in said town of Tumwater in Thurston county, and which said newspaper was then and had been long prior thereto the newspaper designated by its council as the paper in which all publications for such town should be made and in which they were made, and which was the official newspaper of said town so far as it was possible for such town to have an official newspaper; that notice of said assessment and of the hearing and considering of objections to said assessment roll was also given to this defendant personally at his home in the town of Tumwater, Washington, on or about the 6th day of December, 1894, and over ten days prior to the 17th day of December, 1894, the date fixed for the hearing and consideration by the council of all objections as aforesaid."

The complaint shows that the law in relation to the publication in the official newspaper could not be literally complied with, for it shows that the plaintiff was a municipality of the fourth class and could have no official newspaper as provided by law.   It therefore became impossible to comply with the strict requirements of § 4 so far as the publication of the notice was concerned.   This compliance therefore being impossible, a notice which was equivalent to statutory notice should be held sufficient.   *Darlington v. Commonwealth*, 41 Pa. St. 68.

The publication by the official newspaper is only at best constructive notice.   It may reach the knowledge

of the defendant or it may not; but under the policy of the law he is bound to take notice of it whether he actually sees it or not, if the statutory requirement is strictly followed. But from the standpoint of reason no notice can be better than actual notice. The only object in requiring publication is to give notice so that the property owner may have an opportunity to appear and protest. This requirement is fully met by actual notice, and notice by publication or constructive notice could not aid him in any way if as a matter of fact he had actual notice; for, as is well said by the appellant in its brief,

" A literal compliance will not be insisted on where it would kill the very spirit of the statute. The object of the statute in requiring publication of notice was to give property owners a chance to appear and protest. Actual notice accomplishes this object fully. A thousand publications could add nothing to it."

But it is urged by the respondent that even though this be true, the actual notice was not sufficiently pleaded; the complaint should have stated the manner in which the notice was given. We think the allegation of the complaint is as broad as the statute. It points out no particular way and no particular form of notice for publication, and the complaint does not allege any particular manner of giving notice personally. It does, however, allege that notice of said assessment and hearing and consideration of objections to said assessment roll was given to defendant personally, and ten days prior to the date of hearing the protest. This, it seems to us, is good as against the demurrer. The demurrer must assume, under the allegations of this complaint, that notice was given personally. If the manner of giving the notice was not sufficiently definite, it would have been the office of a motion to make

more definite and certain and have corrected the complaint. But we think this complaint was sufficient to put the defendant upon his denial so far as the giving of personal notice was concerned.

The judgment will therefore be reversed and the cause remanded with instructions to overrule the demurrer, the appellant to obtain its costs in this court.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.