[No. 11551. Department One. August 14, 1914.]

E. REDDING *et al.*, *Appellants*, v. THE CITY OF SPOKANE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—PROCEEDINGS—PETITION AND ORDER—CONCLUSIVENESS. A petition for a local improvement not being a jurisdictional requirement, but one subject to waiver and which the legislature could have dispensed with, the legislature had power to provide, by 3 Rem. & Bal. Code, § 7892-19, that the action of the city council upon the sufficiency of the petition shall be final and conclusive.

SAME—IMPROVEMENTS—PETITION—SUFFICIENCY. Under 3 Rem. & Bal. Code, § 7892-9, authorizing a city council to pass upon the sufficiency of a petition by which an improvement is initiated, and Id., § 7892-19, making its action in all things conclusive, the passage of an ordinance ordering an improvement is, in effect, a finding that the petition was sufficient.

SAME—PROCEEDINGS—NOTICE—SUFFICIENCY — WAIVER BY APPEARANCE. An objection by property owners that a notice of hearing upon an assessment roll failed to conform to the statutory requirements is waived, where, in response to the notice, they presented their objections to the roll and were accorded a hearing thereon; since the purpose of the notice was thereby accomplished.

[1]Reported in 142 Pac. 664.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered July 21, 1913, confirming an assessment roll, on appeal from the city council. Affirmed.

*A. O. Colburn,* for appellants.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court confirming an assessment roll. After the roll had been confirmed by the city council, and on the 20th day of May, 1913, the objecting property owners, who are the appellants here, appealed to the superior court. On the 28th day of May, a transcript of the files and proceedings by the city council relative to the improvement was filed with the clerk of the superior court for Spokane county, and notice given as required by law. On the 23d day of June, 1913, the cause was heard by the superior court. Thereafter, and on the 21st day of July succeeding, judgment was entered confirming the assessment roll, from which the present appeal is prosecuted.

No statement of facts or bill of exceptions has been brought to this court, in the absence of which, the only questions here for review are, first, Was the action of the city council upon the petition by which the improvement was initiated final and conclusive? and second, Was the notice given to the property owners to appear before the city council and present objections to the confirmation of the assessment roll sufficient?

I.   By the local improvement code (Laws of 1911, chap. 98, p. 443, § 9; 3 Rem. & Bal. Code, § 7892-9) the city council is authorized to pass upon the sufficiency of the petition by which the improvement may have been initiated. By § 19 (Id., § 7892-19) the council may continue the hear-

ing upon any petition and retain jurisdiction thereof until the same shall be finally disposed of, and "The action and decision of the council as to all matters passed upon by it in relation to any such petition or resolution shall be final and conclusive." In order to initiate a local improvement, a petion is not a jurisdictional requirement in the absolute sense. That is, it is a requirement which may be waived, and which the legislature could have dispensed with. *Collins v. Ellensburg*, 68 Wash. 212, 122 Pac. 1010. Since the legislature might have authorized the improvement without requiring any petition, and it is a matter which is subject to waiver, the legislature had the power to make the action of the city council upon the sufficiency of the petition final and conclusive. 4 Dillon, Municipal Corp. (4th ed.), § 1454; *Scranton v. Germyn*, 156 Pa. St. 107, 27 Atl. 66. The action of the council in passing the ordinance ordering the improvement to be made is in effect a finding that the petition was sufficient. *Spaulding v. North San Francisco Homestead & R. Ass'n*, 87 Cal. 40, 24 Pac. 600, 25 Pac. 249; *German Sav. & Loan Soc. v. Ramish*, 138 Cal. 120, 69 Pac. 89, 70 Pac. 1067.

II. After the assessment roll had been filed, notice was given to all persons who might desire to object thereto to present such objections. It is claimed that the notice was not a substantial compliance with the requirements of § 21 of the statute (Laws of 1911, p. 452; 3 Rem. & Bal. Code, § 7892-21). In response to the notice, however, the appellants presented their objections. The purpose of giving notice was thereby accomplished. The objections were brought before the city council and a hearing had upon the objections filed and presented. The object of giving notice to the property owner is to give him an opportunity to appear and protest. The objection that the notice did not exactly conform to the statute is unavailing if the objector is not prejudiced thereby. *North Yakima v. Scudder*, 41 Wash. 15, 82

Pac. 1022; *Tumwater v. Pix*, 15 Wash. 324, 46 Pac. 388; Smith, Modern Law of Corporations, § 1233.

The judgment will be affirmed.

CROW, C. J., GOSE, ELLIS, and CHADWICK, JJ., concur.