[No. 35458. Department Two. January 5, 1961.]

*In the Matter of* LOCAL IMPROVEMENT DISTRICTS NOS. 1-58
and 2-58 IN THE CITY OF GRANDVIEW, YAKIMA COUNTY,
WASHINGTON.[1]

*Gordon Blechschmidt, Douglas A. Wilson,* and *Fred H. Andrews,* for appellant.

*Donald H. Bond* (of *Salvini & Bond*), for respondents.

FINLEY, J.—The city of Grandview passed ordinances confirming and adopting the final assessment rolls of Local Improvement Districts Nos. 1-58 and 2-58. Although notice of the hearing on confirmation of the assessment rolls was mailed to and received by respondents, Dorman E. Ivy and wife and Andrew G. Boyd and wife, against whose property assessments would be levied, notice was not pub-

[1] Reported in 358 P. (2d) 314.

lished in a newspaper. RCW 35.44.090 requires that notice of the hearing upon the assessment roll (1) be mailed to the owner of the property whose name appears on the assessment roll, and (2) be published in a newspaper.

The respondents appeared at the hearing and duly objected to the assessments as being made on an incorrect basis. The assessments were confirmed by ordinance, and respondents appealed to the superior court. The superior court held that the assessment for L. I. D. No. 1-58 was valid, and that the assessment for L. I. D. No. 2-58 was invalid as to respondents' property. A f t e r the trial, but before judgment was entered, the parties learned for the first time of the failure to publish notice of the hearing. The city of Grandview, without success, argued to the trial court that, because of the defective notice, neither the city, at the hearing, nor the trial court, on the appeal, had jurisdiction. The city appeals. No cross-appeal was filed; therefore, the issue of the validity of the assessment for L. I. D. No. 1-58 is not before us.

 This appeal is upon an agreed statement of facts under Rule on Appeal 34, RCW Vol. 0. The agreed statement of facts submitted to us does not contain all material evidence and matters occurring at the trial affecting all questions decided by the trial court's judgment *(cf. Davis v. Gibbs* (1951), 39 Wn. (2d) 176, 234 P. (2d) 1077). Therefore, appellant is entitled to base error only on the points raised in its statement of points to be relied on. *Dolby v. Fisher* (1939), 1 Wn. (2d) 181, 95 P. (2d) 369. Appellant's statement of points in the instant case may be summarized as follows: (1) the city had no jurisdiction over the persons or property of respondents at the time of the final assessment roll; (2) if the city lacked jurisdiction at the time of the hearing, the superior court had no jurisdiction on respondents' appeal to it; and (3) the city's failure to publish notice as required by RCW 35.44.090 constitutes a jurisdictional defect which makes the entire proceeding null and void.

 'An earlier form of the statute now codified as RCW 35.44.090 was involved in *Redding v. Spokane* (1914), 81

Wash. 263, 142 Pac. 664. At that time, the only statutory requirement was that, prior to the hearing, notice be made by publication. Laws of 1911, chapter 98, § 21, p. 452. The property owners in that case asserted that the hearing was invalid because the notice given did not substantially comply with the statute. In answering this argument, we said:

" . . . In response to the notice, however, the appellants presented their objections. The purpose of giving notice was thereby accomplished. The objections were brought before the city council and a hearing had upon the objections filed and presented. The object of giving notice to the property owner is to give him an opportunity to appear and protest. The objection that the notice did not exactly conform to the statute is unavailing if the objector is not prejudiced thereby."

Since the property owners in the instant case were not prejudiced by the irregularity of the notice, there was no lack of jurisdiction by the city or the superior court.

The judgment is affirmed.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.