[No. 38074.   Department Two.   July 8, 1965.]

*In the Matter of the Petition of the* PORT OF SEATTLE. PORT OF SEATTLE, *Respondent,* v. CERTIFIED MANU-FACTURING COMPANY, INC., *Petitioner.**

*Helsell, Paul, Fetterman, Todd & Hokanson,* for petitioner.

*Bogle, Bogle & Gates, Robert W. Graham, Tom M. Alderson,* and *Ronald T. Schaps,* for respondent.

PER CURIAM.—This is a review by certiorari of the adjudication of public use and necessity denominated "Adjudication of Public Use," entered on January 12, 1965, in an eminent domain proceeding in which the Port of Seattle, a municipal corporation owning and operating the Seattle-Tacoma International Airport, seeks to acquire by condemnation additional land adjacent to the airport for the enlargement of its air cargo terminal. One of the owners of property sought to be condemned, the Certified Manufacturing Company, Inc., a corporation, feeling itself aggrieved by the adjudication of public use and necessity, has secured the writ of certiorari which brings the order before us for review.

*Reported in 404 P.2d 25.

It is urged that no comprehensive scheme of harbor improvement has been adopted, as required by RCW 53.20.010.[1] Assuming arguendo, that the adoption of a comprehensive scheme of harbor improvement is a condition precedent to the acquisition of the 35 acres being condemned for the enlargement of the air cargo terminal at the Seattle-Tacoma International Airport, we are satisfied that resolution No. 2138, amplified by exhibit No. 16 the master plan for the airport, is more than sufficient to meet the standards laid down for a comprehensive scheme of harbor improvement in *Hutchinson v. Port of Benton*, 62 Wn.2d 451, 383 P.2d 500 (1963), and *Paine v. Port of Seattle*, 70 Wash. 294, 126 Pac. 628, and 127 Pac. 580 (1912). (The complete lack of any plan in *Port of Everett v. Everett Improvement Co.*, 124 Wash. 486, 214 Pac. 1064 (1923), renders it inapposite.)

It is also urged that a present need is not established for the condemnation of the property of Certified Manufacturing Company, Inc.

█ It cannot be gainsaid that an air cargo terminal is an integral part of an airport such as Seattle-Tacoma International Airport. The evidence is clear that present facilities for that purpose are inadequate and must be expanded; and that the property belonging to Certified Manufacturing Comupany, Inc., is to be developed with other property being acquired as a unit. As pointed out in *Tacoma v. Welcker*, 65 Wn.2d 677, 684, 399 P.2d 330 (1965), "Reasonable necessity for use in a reasonable time is all that is required," and "necessary"

---

[1]"It shall be the duty of the port commission of any port district, before creating any improvements hereunder, to adopt a comprehensive scheme of harbor improvement in such port district, after a public hearing thereon, of which at least ten days' notice shall be published in a daily newspaper of general circulation in such port district, and no expenditure for the carrying on of any harbor improvements shall be made by said port commission other than the necessary salaries, including engineers, clerical and office expense of such port district, and the cost of engineering, surveying, preparation and collection of data necessary for the making and adoption of a general scheme of harbor improvements in such port district, unless and until such comprehensive scheme of harbor improvement has been so officially adopted by the port commission." RCW 53.20.010.

does not mean absolute, or indispensible, or immediate need, but rather its meaning is interwoven with the concept of public use . . . and embraces the right of the public to expect and demand the service and facilities to be provided by a proposed acquisition or improvement.

The trial court's finding of public use and necessity, now before us for review, is approved, and its Adjudication of Public Use[2] is affirmed.

September 23, 1965. Petition for rehearing denied.

---

[2]" . . . having examined the files and records herein and being further satisfied by competent proof that the contemplated use for which said lands, properties and property rights sought to be appropriated is a public use and that the land, property and property rights are required and necessary for extending and enlarging the air cargo terminal facilities at the Seattle-Tacoma International Air Port,

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the use for which the lands, property and property rights described in the petition herein sought to be appropriated is really and in fact a public use."