[No. 38437.    Department Two.    December 22, 1966.]

THE STATE OF WASHINGTON, *Petitioner*, v. ANNA C. BURDULIS, *Respondent*.*

*The Attorney General* and *Robert L. Holtzclaw, Assistant,* for petitioner.

*Kempton, Savage & Gossard,* by *Anthony Savage, Jr.,* for respondent.

PER CURIAM.—The trial court denied the petition of the State of Washington for an order of public use and necessity in an eminent domain proceeding. The state brings the matter here for review by way of a writ of certiorari.

The state seeks to condemn a strip of respondent's property abutting on Primary State Highway No. 5 in the vicinity of a "T" intersection formed by the highway crossing the terminus of Cedar Grove road, all situated in King County, Washington. The strip of property involved is ap-

*Reported in 421 P.2d 1019.

proximately 397 feet in length and varies from 4 to 20 feet in width. It amounts in all to about 0.14 of an acre. The state wishes to acquire the property for a two-fold purpose, (1) to accommodate the addition of a center storage or turn lane to the highway at the point of the intersection, and (2) to raise the elevation of the highway in the area of the intersection to the level of Cedar Grove road, which crosses over the higher grade of a railroad track as it approaches and reaches the highway.

The state presented testimony indicating the intersection, as it is, constitutes a potential accident source, and that the proposed improvements would promote traffic safety and facilitate the movement of an increasing volume of vehicles on both the highway and Cedar Grove road. The respondent presented no affirmative evidence, but did elicit on cross-examination of the state's engineer that (a) there had been no recorded accidents at the intersection, and (b) if the elevation of the highway was not raised only a 3 or 4 foot strip of respondent's property would be required to accommodate the proposed storage or turn lane.

The trial court, in denying the state's petition, indicated dissatisfaction with the quantity of the state's evidence and expressed some question as to the practical and engineering aspects of elevating the highway. It is apparent, however, from the trial judge's oral decision that he recognized the desirability and need for the proposed storage or turn lane, and predicated his denial of the petition upon a rejection of the state's proposal to elevate the highway.

Our review of the testimony and exhibits presented compels us to the conclusion that the trial court erred.

■ Although the determination of public use and necessity is, by constitutional provision, a judicial determination, we have long adhered to the principle expressed in RCW 47.12.010[1] that the administrative selection of the

---

[1]"Whenever it is necessary to secure any lands for a right of way for any state highway, or for the drainage thereof or construction of a protection therefor or so as to afford unobstructed vision therefor toward any railroad crossing or another public highway crossing or any point of danger to public travel . . . the highway commission is author-

lands necessary to carry out a public purpose is conclusive, in the absence of a showing of bad faith, or arbitrary, capricious or fraudulent action. *State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 377 P.2d 425 (1963); *Deaconess Hospital v. State Highway Comm'n,* 66 Wn.2d 378, 403 P.2d 54 (1965).

Neither the statement of the principle nor the statute absolves the state of the responsibility of supporting a petition in condemnation with a prima facie showing of the elements of public use and necessity. The principle cannot and does not relegate the superior court to the role of a rubber stamp for administrative decisions. That court is, by constitutional mandate, obligated to make a judicial determination of public use and necessity.

In fairness to the trial court and to respondent, it must be observed, in the instant case, that the evidence presented by the state in support of its petition was not as complete or as thorough as it could and should have been. Meager and vulnerable though it was, the evidence did, however, erect the requisite prima facie showing of public use and necessity for the property embraced within the petition. The matters adduced by respondent on cross-examination of the state's engineer only diminish the prima facie outline. They did not totally obliterate that outline nor did they establish arbitrary, capricious or fraudulent action on the part of the state. Absent further evidence demonstrating bad faith or caprice, an order of public use and necessity should have been granted.

The order denying the state's petition is vacated and the cause remanded for the entry of an appropriate order adjudicating public use and necessity.

---

ized to acquire such lands in behalf of the state by gift, purchase or condemnation. In case of condemnation to secure such lands, the action shall be brought in the name of the state of Washington in the manner provided for the acquiring of property for the public uses of the state, and in such action the selection of the lands by the highway commission shall, in the absence of bad faith, arbitrary, capricious or fraudulent action, be conclusive upon the court and judge before which the action is brought that said lands are necessary for public use for the purposes sought. . . . " RCW 47.12.010.