[No. 39723. Department Two. January 19, 1968.]

ASOTIN COUNTY PORT DISTRICT, *Respondent*, v. CLARKSTON COMMUNITY CORPORATION, *Petitioner.*\*

*Charles T. Sharp*, for petitioner.

*Little & Jones*, by *Jay Roy Jones*, for respondent.

\*Reported in 436 P.2d 470.

LANGENBACH, J.†—This action is here by virtue of a writ of review to test the validity of certain condemnation proceedings in Asotin County. The port district adopted very comprehensive plans for port improvements along the Snake River in that county. The proceedings were instituted against the petitioner-property owner to condemn certain lands fronting on said river. They were started pursuant to the provisions of the following statutes:

RCW 53.08.010 provides in part:

A port district may acquire by purchase, for cash or on deferred payments for a period not exceeding ten years, or by condemnation, or both, all lands, property, property rights, leases, or easements necessary for its purposes and may exercise the right of eminent domain in the acquirement or damaging of all such lands, property, and property rights, and may levy and collect assessments upon property for the payment of all damages and compensation in carrying out its purposes, and such right shall be exercised in the same manner and by the same procedure as provided for cities of the first class insofar as consistent with this title, . . . .

RCW 8.12 is a comprehensive chapter on condemnation by cities. RCW 8.12.090 provides in part:

Whenever an attempt is made to take private property, for a use alleged to be public under authority of this chapter, the question whether the contemplated use be really public shall be a judicial question and shall be determined as such by the court before inquiry is had into the question of compensation to be made.

At the hearing upon the petition for an order of public use and necessity, the port submitted the testimony of the county engineer, the chairman of the port district commissioners, and an engineer who had prepared the comprehensive plans for port development. Appropriate maps and other exhibits were submitted to the court in explanation and support of such testimony.

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The engineer who prepared the comprehensive plans was examined as follows:

Q. What importance would it be, if any, to the Asotin County Port District to not only own the airport site but all the land north of it to the Snake River? A. If there was what we call alien ownership interposed between the port district lands and the river itself such alien ownership would seriously inhibit, if not altogether neutralize the usefullness for the port district of the land we are talking about simply because it would interpose a barrier between the port lands and the river and interfere with the movement of goods between the two, between the river and the port lands.

At the conclusion of the hearing the petitioner moved for a dismissal of the proceedings. After argument this motion was denied. The rule in *Coffman v. McFadden,* 68 Wn.2d 954, 958, 416 P.2d 99 (1966), was properly applied in the denial of this motion:

A motion to dismiss for insufficiency of the evidence, made at the close of plaintiff's case, admits the truth of the evidence and all reasonable inferences arising therefrom. The court must consider such evidence most strongly in favor of the nonmovant party and against the moving party. (Citing cases.)

After submission of the case to the court on briefs, the court granted the prayer for an order of public use and necessity and this court granted a writ of certiorari. The record of the proceedings is now before us for consideration.

The undisputed testimony and exhibits showed that the port was located along the bank of the Snake River, adjacent to navigable water. Inquiries had been made by interested persons with regard to the use of public facilities proposed to be developed by the port. Between the lands already owned by the port and the river bank the petitioner owned a strip of land of variable width and uncertain length which severed the port's upland from the waterfront necessary for a proper public use of port lands. The comprehensive plans included such privately owned

premises as necessary for the proper development of port facilities for public benefit and enjoyment.

█ In the case of *State v. Burdulis,* 70 Wn.2d 24, 25, 421 P.2d 1019 (1966), the court stated:

Although the determination of public use and necessity is, by constitutional provision, a judicial determination, we have long adhered to the principle expressed in RCW 47.12.010 that the administrative selection of the lands necessary to carry out a public purpose is conclusive, in the absence of a showing of bad faith, or arbitrary, capricious or fraudulent action. (Citing cases.) (Footnote omitted.)

*Accord: Miller v. Tacoma,* 61 Wn.2d 374, 378 P.2d 464 (1963).

█ Our review of the port district's action is made in the light of the rules laid down in *Tacoma v. Welcker,* 65 Wn.2d 677, 683-85, 399 P.2d 330 (1965):

The word "necessary," when used in or in connection with eminent domain statutes, means reasonable necessity, under the circumstances of the particular case. *State ex rel. Lange v. Superior Court,* 61 Wn. (2d) 153, 377 P. (2d) 425 (1963). It does not mean absolute, or indispensible, or immediate need, but rather its meaning is interwoven with the concept of public use (*King Cy. v. Theilman, supra* [59 Wn.2d 586, 369 P.2d 503 (1962)]) and embraces the right of the public to expect and demand the service and facilities to be provided by a proposed acquisition or improvement. *State ex rel. Ami Co. v. Superior Court,* 42 Wash. 675, 85 Pac. 669 (1906); *State ex rel. Jones v. Superior Court,* 44 Wash. 476, 87 Pac. 521 (1906); *State ex rel. Wilson v. Superior Court,* 47 Wash. 397, 92 Pac. 269 (1907); *State ex rel. Patterson v. Superior Court,* 102 Wash. 331, 173 Pac. 186 (1918). Reasonable necessity for use in a reasonable time is all that is required. *Spokane v. Merriam,* 80 Wash. 222, 141 Pac. 358 (1914); *State ex rel. Wenatchee-Beebe Orchard Co. v. Superior Court,* 57 Wn. (2d) 662, 359 P. (2d) 146 (1961).

Under the provisions of Const. Art. 1, § 16 (amendment 9) and our interpretation thereof, the issue of whether a proposed acquisition be really for a public use is solely a judicial question, although a legislative declaration thereof will be accorded great weight. *Miller v. Tacoma, supra* [61 Wn.2d 374, 378 P.2d 464 (1963)] , . . . .

Arbitrary and capricious conduct is willful and unreasoning action, without consideration and regard for facts or circumstances. *Lillions v. Gibbs,* 47 Wn. (2d) 629, 289 P. (2d) 203 (1955). Action, when exercised honestly, fairly, and upon due consideration is not arbitrary and capricious, even though there be room for a difference of opinion upon the course to follow, or a belief by the reviewing authority that an erroneous conclusion has been reached. *Smith v. Hollenbeck,* 48 Wn. (2d) 461, 294 P. (2d) 921 (1956).

*Accord: In re Port of Seattle,* 66 Wn.2d 598, 404 P.2d 25 (1965).

In the light of these statutes and decisions, the trial court was amply justified in entering its order for public use and necessity. Consequently, its judgment must be and is hereby affirmed.

FINLEY, C. J., HUNTER, HAMILTON, and NEILL, JJ., concur.