[No. 1129-1. Division One—Panel 2. November 1, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM V. LAUMAN, JR., *et al., Defendants,* ROBERT ARONOV *et al., Appellants.*

*Schweppe, Doolittle, Krug & Tausend* and *Robert R. Beezer,* for appellants.

*Slade Gorton, Attorney General,* and *Jack A. Borland, Assistant,* for respondent.

JAMES, J.—By this action the State of Washington seeks to condemn real property and property rights for the purpose of constructing a limited access highway. Appellants are named in the condemnation petition as parties claiming an interest in one of the parcels sought. We granted a writ of certiorari to afford appellants a review of the superior court hearing at which the state obtained an order of public use and necessity.[1]

The petition for the writ asserts that the action of the trial court was "arbitrary, capricious and contrary to law in that before the public use and necessity is established for a limited access highway facility, both state and federal law require that hearings be held and that findings be made as a condition precedent to condemnation."

The establishment of limited access highways is governed by the provisions of RCW 47.52. Before exercising the

---

[1] A decree of public use and necessity is not appealable, but can be reviewed only by certiorari. *Seattle v. State,* 54 Wn.2d 139, 338 P.2d 126 (1959).

power of eminent domain to acquire property and property rights for limited access highways, the state must hold a "public hearing . . . to determine the desirability . . ." of its proposed highway plan. Written notice of the hearing must be mailed to "the owners of property abutting the section of any existing highway, road or street being established as a limited access facility, as indicated in the tax rolls of the county, . . ." RCW 47.52.133. Notice by publication is also required.

Under the provisions of RCW 47.52.135, *any* person may appear and be heard even though he is not an abutting property owner. Further, after the highway authorities present their proposed plan and

> evidence that supports the adoption of the plan as being in the public interest. . . . any person entitled to notice who has entered a written appearance shall be deemed a party to [the] hearing . . . and may thereafter introduce, . . . evidence and statements or counterproposals bearing upon the reasonableness of the proposal.

Such evidence must be material, must be presented in an orderly manner, and the highway authorities must give such evidence and/or counterproposals reasonable consideration.

In this case, the public hearing required by RCW 47.52.133 was held, and as contemplated by RCW 47.52.137, a limited access highway plan was approved. The plan approved was found to be "required by the public convenience and necessity." Appropriate written findings of fact were made, together with an order directing the highway department to acquire the property rights necessary for the highway.

Thereafter, the state brought this condemnation action. Article 1, section 16 (amendment 9) of the Washington State Constitution requires a *judicial* determination that the proposed use of private property taken under the state's power of eminent domain is "really public." The procedure for obtaining the necessary judicial approval is

governed by RCW 8.04.070, which provides that if the court is satisfied "by competent proof" that the acquisition of the property rights is "really necessary," the trial court shall enter an order of public use and necessity.

The principal contention of appellants is that they were denied the right to "fully air all of the mandatory requirements of RCW 47.52" at the public use and necessity hearing. Appellants contend that all of the evidence produced at the "public" hearing must be presented by the state at the "public use and necessity hearing." This issue was tendered to the trial judge by appellants' counsel in these words:

> [W]hen these [RCW 47.52] public hearings are held, mass body type hearings, there is reserved [by] Article 1, Section 16 of the Washington Constitution, to these proceedings *a procedural due process requirement that all of the evidence will be given in court,* and that any one party to these proceedings can then challenge. I know that counsel for the Attorney General's Office is not prepared today to put on all the witnesses they may have put on at [the] 47.52 hearing. Basically, it is a law question. If the Court is going to rule that we're going to get into those matters, we may just as well be assigned out to trial proceedings. If the Court is going to rule, as a matter of law, that we're not entitled to interrogate as to those areas of the prior proceedings and are foreclosed on it, then we might as well take our writ of certiorari to the Supreme Court.

(Italics ours.)

To support their contention, appellants rely upon the case of *Edwards v. City Council,* 3 Wn. App. 665, 479 P.2d 120 (1970). The *Edwards* case concerns the Urban Renewal Law, RCW 35.81. RCW 35.81.060(3) requires that a municipality desiring to create an urban renewal project hold a "public" hearing similar to the limited access public hearing required by RCW 47.52.133. In ruling that the administrative procedure act, RCW 34.04, did not afford an appeal, the appellate court, relying upon *Apostle v. Seattle,* 77 Wn.2d 59, 459 P.2d 792 (1969), pointed out that the "public" hearing was legislative rather than judicial in nature, and that the "public" hearing "takes no property from any-

one." The opinion in *Edwards* then uses the italicized language upon which appellants expressly rely:

> The [public] hearing, if it results in a finding of blight, is no more than a step, a condition precedent to beginning land acquisitions. It is still within the individual property owner's discretion to force the municipal government to attempt to exercise its power of eminent domain after blight has been found. The second *Apostle* case and a case cited therein, *Zurn v. Chicago,* 389 Ill. 114, 59 N.E.2d 18 (1945), point out that the court in a condemnation action by an urban renewal authority is not foreclosed on any issue by findings of the authority. *The property owner may thus litigate the issues upon which he is constitutionally guaranteed a hearing.* These include public use and necessity (blight) and compensation. *See generally, Berman v. Parker,* 348 U.S. 26, 99 L. Ed. 27, 75 S. Ct. 98 (1954).

(Italics ours.) *Edwards v. City Council, supra* at 668.

The trial judge ruled that the state would make out a prima facie case if it proved that it had complied with the "public" hearing requirements of RCW 47.52 before administratively finding a necessity for public use. The state then presented a highway department official who produced a certified copy of the record of the proceedings, findings and order which RCW 47.52 requires. The trial judge then offered appellants an opportunity to present evidence rebutting the state's prima facie showing, but appellants declined, preferring an immediate appellate review.

 The controlling principle is stated in *State v. Burdulis,* 70 Wn.2d 24, 25, 421 P.2d 1019 (1966):

> Although the determination of public use and necessity is, by constitutional provision, a judicial determination, we have long adhered to the principle expressed in RCW 47.12.010[2] that the administrative selection of the lands necessary to carry out a public purpose is conclusive, in

---

[2]"[T]he selection of the lands or interests in land by the highway commission shall, in the absence of bad faith, arbitrary, capricious or fraudulent action, be conclusive upon the court and judge before which the action is brought that said lands or interests in land are necessary for public use for the purposes sought."

the absence of a showing of bad faith, or arbitrary, capricious or fraudulent action. *State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 377 P.2d 425 (1963); *Deaconess Hospital v. State Highway Comm'n,* 66 Wn.2d 378, 403 P.2d 54 (1965).

(Footnote omitted.)

As *Burdulis* further points out, the conclusive nature of the administrative determination does not relegate the superior court to the role of a rubber stamp. And as observed in *Edwards v. City Council, supra* at 668, "[t]he property owner may . . . litigate the issues upon which he is constitutionally guaranteed a hearing." The constitutional "issue" to be litigated at the RCW 8.04.070 hearing is the "necessity" for acquiring private property for a public use. It may well be that evidence presented at the limited access public hearing would support a judicial finding that the contemplated use is not a public necessity. But the burden of producing such evidence shifts to the property owner when the state has made its prima facie case. The burden which the property owner must accept is a heavy one. The state's prima facie case can be overcome only by proving bad faith, or arbitrary, capricious or fraudulent action. *State ex rel. Lange v. Superior Court,* 61 Wn.2d 153, 377 P.2d 425 (1963). Appellants made no attempt to meet their burden.

Appellants also challenge the validity of the RCW 47.52.133 public hearing, stating that one of the appellants could testify, if called, that he did not receive notice of the public hearing.

The state was required by RCW 47.52.133 to mail written notices to owners of abutting property "as indicated in the tax rolls of the county, . . ." The certified copy of the record of the public hearing recites that written notices of the meeting were mailed to all record owners of property, as required by RCW 47.52.133, and that an affidavit of service by mailing is filed as an exhibit in the hearing records.

Because the public hearing is legislative rather

than judicial in nature, a provision that notice may be given by mail does not violate constitutional due process. *Apostle v. Seattle, supra.* The state's proof of compliance with the requirement that notice be mailed would not be rebutted by testimony that a mailed notice was not in fact received by one of the appellants.

Additionally, the state points out that in cross-examining the state's witness, appellants' counsel established that appellants' names appeared on the tax rolls as participants in a joint venture entitled "Kinco Joint Venture." The certified copy of the record of the public hearing named Kinco Joint Venture as a party which appeared. If the purpose of a notice is achieved by other means, noncompliance with statutory requirements for service is without prejudice. *Pratt v. Waterfront Dist. 79,* 58 Wn.2d 420, 363 P.2d 816 (1961); *In re Local Improvement Dists.,* 57 Wn.2d 499, 358 P.2d 314 (1961).

The state met its burden of proving compliance with the notice requirements of RCW 47.52.133.

We find no error and affirm the order adjudicating public use and necessity.

FARRIS, A.C.J., and SWANSON, J., concur.