[No. 8872–6–I.  Division One.  July 16, 1982.]

OLSEN MEDIA, *Respondent,* v. ENERGY SCIENCES, INC., *Appellant.*

580

*Mark Elgot,* for appellant.

*Lagerquist & McConnell, Inc., P.S.,* and *Robert McConnell,* for respondent.

JAMES, J.—Defendant Energy Sciences, Inc. (Energy) appeals a judgment in favor of plaintiff Olsen Media (Olsen) in a breach of contract action. We affirm in part and reverse in part.

Olsen is an advertising agency operated as a sole proprietorship. Energy is a corporation engaged in developing and marketing explosives, firearms, and energy products. One of its subsidiaries is Detonics .45 Associates (Detonics).

In June 1978, Energy contacted Olsen to develop a brochure for a pistol manufactured by Detonics. On July 5, 1978, representatives for Energy and Olsen signed an "Agency Authorization and Agreement" prepared by Olsen. Its pertinent provisions are:

> Olsen Media is hereby designated as Advertising Agency for ENERGY SCIENCES, INC. and is authorized to negotiate with the media and purchase media on behalf of above named client.
>
> This document is the basis of our Advertising Agency/Client relationship, which extends for one year from the effective date of this agreement, unless otherwise specified.
>
> Agency compensation for the term of this agreement, in addition to commissions on media purchased, will be as follows: Monthly retainer of $400. This agreement is for the period of 6 months, with an automatic renewal for one year. At end of 6 month period fee will be negotiable.

> . . .
> [Signatures of Client and Agency]

On the reverse side are the following additional terms:

> 1. As Advertising Agent, Olsen Media is fully author-

ized to purchase media, and related material on behalf of the Client. . . . Client approves these purchases, . . .
. . .

6. This contract contains the entire agreement between the parties, and no statement, promises, or inducements made by either party or agent of either party that is not contained in this written contract shall be valid or binding; and this contract may not be enlarged, modified, or altered except in writing signed by the parties . . .

Exhibit 1. By letter dated August 29, Olsen's manager purported to set forth "an overview of the services covered" by the agency contract. Olsen interpreted the contract to include "major services" only for Detonics and lesser services for other Energy subsidiaries. Exhibit 2. Energy did not respond to this letter.

In October 1978, Energy canceled the contract, alleging unsatisfactory work and disputes over contract interpretation. Olsen subsequently sued to recover for services performed and the amount of the monthly retainer, plus attorney's fees as provided for by contract. Prior to trial, Energy served an offer of judgment for $1,000 upon Olsen.

After hearing opening arguments and direct testimony by Olsen's manager, the trial judge called both parties and counsel into his chambers. Olsen's affidavits allege that the trial judge informed those present that Olsen would prevail and urged the parties to settle the case.

After a 3–day trial, an oral decision was rendered in favor of Olsen. The trial judge stated:

It comes down to a matter of credibility in connection with who to believe in connection with the matter. All conflicts with reference to testimony as far as believability on the facts and circumstances are in favor of the plaintiff.

On May 22, the trial judge signed written findings of fact and conclusions of law and entered judgment in favor of Olsen for the following amounts:

| | |
|---|---:|
| Retainer fee for 1978, unpaid | $800.00 |
| Retainer fee for 1979 in accord with automatic renewal provisions | 4,800.00 |
| Bills incurred by Olsen on Energy's behalf | 992.97 |
| Total | $6,592.97 |

Prejudgment interest on the entire amount was awarded from November 1, 1978. The trial judge also granted Olsen attorney's fees of $5,250. This amount was computed on the basis of 31 pleadings at $100 each and 3 days of trial at $750 per day. The affidavit filed by Olsen's counsel on April 30 requested attorney's fees of $3,418, including $1,000 for an expected 2–day trial.

On May 15, Energy filed a motion for reconsideration, which was denied. On May 23, Energy filed its notice of appeal. Also on May 23, Olsen served a "Motion for Revision of Findings of Fact and Conclusions of Law" under CR 52(b) on Energy and noted the matter on the motion docket. The motion itself was not filed until June 3, the date of the hearing. The trial judge entered revised findings and conclusions, but the judgment was identical to that entered on May 22.

Energy first contends the parties' contract is illusory because Olsen gave no enforceable promise to perform. We do not agree.

The parties' agreement establishes an "Advertising Agency/Client relationship" which will govern each party's conduct during the course of their principal–agent "relationship." Exhibit 1. Olsen thereby promised to act as Energy's advertising agent. Evidence presented at trial established that in fulfillment of this agency relationship, Olsen was to apply its expertise to development of a suitable advertising program for Energy, at least with respect to Detonics products. Reciprocal promises were given and therefore there was consideration for the agreement. *E.g., Omni Group, Inc. v. Seattle–First Nat'l Bank*, 32 Wn. App. 22, 645 P.2d 727 (1982). The contract is not illusory.

Energy next contends that because the agreement pro-

vided for a "negotiable" fee after 6 months, it was merely an agreement to negotiate and was thus unenforceable. Exhibit 1. Although parol evidence inconsistent with Energy's position was admitted, Energy asserts that such evidence was barred by the integration clause in the parties' agreement. We do not agree.

There was substantial evidence that the parties understood the $400 monthly retainer was a minimum amount and that "negotiable" meant negotiable upward only. Exhibit 1. If properly admitted, this evidence was sufficient to show that the parties' agreement was not merely an agreement to negotiate.

■ An integration clause providing that the written documents constitute the parties' entire agreement strongly supports a conclusion that the parties' agreement was fully integrated; if that is the case, parol evidence is inadmissible. But parol evidence of prior or contemporaneous oral agreements is not necessarily excluded by such clauses. The determination of whether or not a merger of oral and written terms occurred is a question for the trier of fact. *Ban-Co Inv. Co. v. Loveless*, 22 Wn. App. 122, 587 P.2d 567 (1978). Parol evidence is also admissible to explain ambiguities in the contract. *Spokane Helicopter Serv., Inc. v. Malone*, 28 Wn. App. 377, 623 P.2d 727 (1981).

The agreement provided for a "negotiable" retainer after 6 months as well as an "automatic" renewal of the agreement for an additional term of 1 year. Exhibit 1. Energy's contention that the parties intended to negotiate a completely new agreement after 6 months is inconsistent with an "automatic" renewal of the agreement. We conclude that parol evidence was properly admitted to determine the meaning of this language, notwithstanding the integration clause.

Energy next contends that if a contract existed, Olsen's letter of August 29 anticipatorily breached the contract. We do not agree.

■ This letter perhaps raises an issue of uncertainty concerning the extent to which "major services" for Energy

subsidiaries other than Detonics were covered by the parties' agency agreement. Exhibit 2. But by its terms, the letter is not a "positive statement or action by the promisor indicating distinctly and unequivocally that he either will not or cannot substantially perform any of his contractual obligations", *Lovric v. Dunatov*, 18 Wn. App. 274, 282, 567 P.2d 678 (1977), and the record does not show Energy treated it as such. There was no anticipatory breach by Olsen.

Energy next contends that the award of $400 per month for the final year of the contract following its cancellation constitutes a penalty unrelated to Olsen's actual damages. We do not agree.

The rationale for the award of this amount is set forth in certain of the revised findings of fact:

> 2.7. Under the terms of the agreement, Plaintiff was to receive a monthly retainer of $400.00. This was a sum to be paid to the Plaintiff to enable it to serve the client's advertising needs, to help the client develop ideas and prepare for a major advertising campaign relating to the Detonics .45 hand gun.
>
> 2.8. These creative services were not billed out to the client at an hourly rate, because as was explained to the Defendant in the course of negotiations, it was impossible to set a figure commensurate with the amount of hourly service a particular client would require in the development phase of an advertising campaign.

There is evidence which supports this view that, in effect, the monthly retainer represented deferred compensation for work performed by Olsen in the early stages of the advertising campaign. Accordingly, the trial judge did not err in awarding judgment for $4,800 for the final year of the contract.

Energy also contends that the trial judge erred in awarding certain prejudgment interest on the entire unpaid retainer of $4,800 computed beginning November 1, 1978, instead of each month as such payments were to be made. We agree.

The parties' agreement includes no acceleration

clause. Unless a contract contains an acceleration clause, all future payments are not due at the time of a breach, *Myers v. Western Farmers Ass'n,* 75 Wn.2d 133, 449 P.2d 104 (1969), and interest is due on each payment only from the time it is due. *Winkenwerder v. Knox,* 51 Wn.2d 582, 320 P.2d 304 (1958); *Myers v. Western Farmers Ass'n, supra.* Accordingly, we remand for calculation of prejudgment interest on the retainer as amounts became due.

Energy also contends that the trial judge's comments while urging settlement and his resolution of all disputed issues of credibility in Olsen's favor amount to a prejudgment of the case and thus, abuse of discretion. This contention is without merit.

■ The record clearly discloses that Olsen would recover judgment for certain bills which Olsen paid on Energy's behalf. The trial judge's remarks while urging a settlement were a statement of the obvious. Also, the determination of witness credibility is a matter within the sound discretion of the trial judge when acting as a trier of fact. *E.g., Kintz v. Read,* 28 Wn. App. 731, 626 P.2d 52 (1981). Resolution of conflicts in testimony may necessitate disregarding the testimony presented by one party.

Energy next contends the trial judge abused his discretion by awarding excessive attorney's fees. We agree.

■ The reasonableness of an award of attorney's fees must be determined on a case–by–case basis. Factors relevant to this determination are the time and labor required, novelty and difficulty of questions, requisite skill, values involved and results obtained, fees customarily charged, and experience, reputation and ability of the attorney. *Mike v. Tharp,* 21 Wn. App. 1, 583 P.2d 654 (1978); *accord, Beeson v. Atlantic–Richfield Co.,* 88 Wn.2d 499, 563 P.2d 822 (1977); *Merrick v. Peterson,* 25 Wn. App. 248, 606 P.2d 700 (1980). Resort to a "mechanistic formula", such as an award of fees as a percentage of the amount recovered, *Wolfe v. Morgan,* 11 Wn. App. 738, 745, 524 P.2d 927 (1974), constitutes an abuse of discretion. *Mike v. Tharp, supra.*

The method employed by the trial judge constitutes a "mechanistic formula". It entails no independent consideration of the time and labor involved or novelty and difficulty of the questions (except as may be suggested by the number of pleadings) or results obtained (except as indicated by a judgment for plaintiff as compared to a judgment for defendant). It also, without apparent reason, allows attorney's fees substantially in excess of those requested by counsel's trial affidavit, even when the additional day of trial and posttrial hearings are considered. We conclude the trial judge abused his discretion by awarding attorney's fees on this basis. Accordingly, we remand for reconsideration of trial attorney's fees.

Energy finally contends that, because of procedural error, the revised findings of fact were improperly entered and must be set aside. Energy specifically argues that the motion was not timely made under CR 52(b) and King County Local Rule (LR) 5(d)(1). Energy also argues that, even if Olsen's motion was timely, approval of the Court of Appeals pursuant to RAP 7.2(e) was required because the entry of revised findings would "change a decision then being reviewed". We do not agree.

CR 52(b) provides:

> Upon motion of a party made not later than 5 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59.

CR 59(b) provides:

> A motion for a new trial shall be served not later than 5 days after the entry of the judgment.

Olsen's CR 52(b) motion was served within 5 days of the entry of judgment. Filing occurred promptly thereafter under the circumstances here. CR 5(d)(1). This was sufficient to comply with the rule.

Olsen's failure to file the motion at least 5 days before the hearing thereon, as required by King County LR 5(d)(1) was harmless because Energy otherwise received

adequate notice. *See State v. Lauman,* 5 Wn. App. 670, 490 P.2d 450 (1971).

■ The purpose of the motion was merely to correct certain original findings of fact and conclusions of law which Olsen's counsel believed did not accurately reflect the trial judge's decision. The revised findings and conclusions do not affect the judgment in any substantive manner. The motion did not require or entail the reception of additional evidence. We are satisfied that the trial judge's entry of these revised findings and conclusions did not "change" a decision being reviewed by the Court of Appeals within the meaning of RAP 7.2(e).

Olsen contends that Energy's appeal is frivolous and requests sanctions pursuant to RAP 18.9. We do not agree.

■ Energy's arguments with respect to trial attorney's fees and prejudgment interest were meritorious. Several other arguments, as treated in the parties' briefs, involved "debatable issues upon which reasonable minds might differ". *Streater v. White,* 26 Wn. App. 430, 435, 613 P.2d 187 (1980). The appeal was not frivolous or brought for purposes of delay.

Olsen also requests attorney's fees on appeal in accordance with RAP 18.1, pursuant to the parties' contract. The request is denied for failure to file an affidavit in compliance with RAP 18.1(c).

The judgment is affirmed in all respects except prejudgment interest and attorney's fees, which will be modified in accordance with this opinion.

ANDERSEN, C.J., and RINGOLD, J., concur.

Reconsideration denied August 18, 1982.

Review denied by Supreme Court November 22, 1982.