
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Marriage of ) | No. 76773-9-I |
| ) | |
| KSENIIA GOLUBEVA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| and ) | |
| ) | UNPUBLISHED OPINION |
| EVGENY PISTRAK, ) | |
| ) | FILED: July 23, 2018 |
| Appellant. ) | |

VERELLEN, J. — After the court dissolved Kseniia Golubeva and Evgeny

Pistrak's marriage and awarded Golubeva a money judgment, Golubeva obtained

a writ of garnishment on Pistrak's credit union. Pistrak filed a statutory exemption

claim for $500 in bank accounts. To support his exemption claim, Pistrak relied on

his credit union's inaccurate answer to the writ of garnishment and an incomplete

filtered transaction printout showing garnishment withdrawals for each account,

but omitting a $500 withdrawal made by Pistrak after Golubeva served the writ of

garnishment on the credit union but before the date of the filtered transactions list.

Because Pistrak did not file affirmative evidence explaining the inaccurate and

incomplete information he supplied, or otherwise supporting his exemption claim,

he failed to satisfy his burden under RCW 6.27.160(2) of proving his claimed exemption.

Pistrak challenges the trial court's award of attorney fees for his failure to assert his exemption claim in good faith. Specifically, Pistrak disputes the award of fees for time Golubeva's attorney spent responding to his motion for reconsideration. Although Pistrak was successful in obtaining reconsideration because he did not have an interpreter at his first hearing, the trial court rejected all of the other grounds he asserted on reconsideration, most of which focused on the merits of his exemption claim. The trial court had the discretion to determine that the briefing on reconsideration related to the exemption claim was properly within the scope of an award of fees for lack of good faith in asserting the claim.

Therefore, we affirm.

## FACTS

On November 18, 2016, the trial court dissolved Pistrak and Golubeva's marriage and awarded Golubeva a $28,000 money judgment. On January 17, 2017, Golubeva obtained a writ of garnishment on Pistrak's credit union, First Technology Federal Credit Union (First Tech). On the same day, Golubeva served the writ on First Tech. Pistrak received notice of the writ on January 21, 2017.

On January 23, 2017, Pistrak withdrew $500 from the accounts identified in the writ. On January 24, 2017, First Tech filed an answer to the writ of garnishment, stating they had $265.98 in deposit accounts for Pistrak on the date

2

the court issued the writ. On January 24, 2017, First Tech remitted $265.98 to Golubeva.

On January 27, 2017, Pistrak filed an exemption claim under RCW 6.15.010 for $500 in bank accounts. To support the exemption claim, Pistrak submitted First Tech's January 24, 2017 answer to the writ of garnishment. He also submitted a transaction statement printout filtered by the keyword "golubeva." The statement purports to show that on January 24, 2017, a total of $265.98 was garnished from six accounts. Prior to a hearing on Pistrak's claimed exemption, Pistrak scheduled an interpreter, but the interpreter did not appear at the hearing.

In February, First Tech discovered Pistrak's $500 withdrawal. On March 8, 2017, First Tech filed an amended answer to the writ of garnishment, stating they had $765.98 in deposit accounts for Pistrak on the date the court issued the writ. As a result, First Tech remitted an additional $500 of their own money to Golubeva.

Following the hearing on February 9, 2017, the court denied Pistrak's exemption claim and awarded $652.50 in attorney fees to Golubeva. Pistrak filed a motion for reconsideration, raising multiple issues. The court granted the motion for reconsideration solely because an interpreter was not present at the first hearing.

After the new hearing on April 19, 2017, the court again rejected Pistrak's claimed exemption and confirmed the previous award of attorney fees to Golubeva along with $1,002 in additional fees related to the motion for reconsideration.

Pistrak appeals.

## ANALYSIS

### I. Personal Property Exemption

Pistrak contends the trial court misinterpreted the personal exemption statute when it denied his requested exemption.

We review construction of a statute de novo.[1] This court's "primary duty in interpreting any statute is to discern and implement the intent of the legislature."[2] When the plain language of a statute is unambiguous, the court will not construe the statute otherwise.[3] "If the statute is still 'susceptible to more than one reasonable interpretation, then a court may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent.'"[4] "Exemption statutes should be liberally construed to give effect to their intent and purpose."[5]

---

[1] Anthis v. Copland, 173 Wn.2d 752, 755, 270 P.3d 574 (2012).

[2] State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

[3] Anthis, 173 Wn.2d at 756 (citing id.).

[4] Id. (quoting Christensen v. Ellsworth, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)).

[5] Id. (citing In re Elliot, 74 Wn.2d 600, 620, 446 P.2d 347 (1968)).

RCW 6.15.010 provides:

> (1) . . . [T]he following personal property is exempt from execution, attachment, and garnishment:
>
> . . . .
>
> (c) To each individual . . . .
>
> . . . .
>
> (ii) Other personal property . . . not to exceed three thousand dollars in value, of which not more than one thousand five hundred dollars in value may consist of cash, and of which not more than . . .
>
> . . . [f]or debts owed to state agencies, two hundred dollars in value may consist of bank accounts, savings and loan accounts, stocks, bonds, or other securities. . . .
>
> . . . *For all other debts, five hundred dollars in value may consist of bank accounts*, savings and loan accounts, stocks, bonds, or other securities.[6]

And under RCW 6.27.160(2), "[t]he defendant bears the burden of proving any claimed exemption, including the obligation to provide sufficient documentation to identify the source and amount of any claimed exempt funds."

To support his January 27, 2017 claim of a "$500 exemption for all other debts,"[7] Pistrak submitted a transaction printout filtered by the keyword "golubeva," reflecting that on January 24, 2017, a total of $265.98 was garnished and

---

[6] RCW 6.15.010(1)(c)(ii)(A)(II) (emphasis added).

[7] Clerk's Papers (CP) at 151. The exemption claim form contained the following language: "CAUTION: If the plaintiff objects to your claim, you will have to go to court and give proof of your claim. For example, if you claim that a bank account is exempt, you may have to show the judge your bank statements and papers that show the source of the money you deposited in the bank. Your claim may be granted more quickly if you attach copies of such proof to your claim." CP at 152.

withdrawn from six accounts. But the filtered statement did not include or explain his $500 withdrawal on January 23, 2017. He also filed First Tech's inaccurate answer to the writ of garnishment from January 24, 2017.

Following a hearing, the court denied Pistrak's exemption claim. The court granted Pistrak's motion for reconsideration solely because an interpreter was not present at the hearing. After the new hearing, the court again rejected Pistrak's claimed exemption because "he failed to satisfy his burden of proving the basis of the claimed exemption."[8]

The court concluded, "Mr. Pistrak has the burden of showing that he does not have more than $500 in other accounts."[9] Pistrak argues he met his burden because "First Tech Credit Union identified that amount garnished was $265.98" and he "submitted a printout of garnishment transactions indicating the resulting balance of $0.00."[10]

Pistrak is asking for the benefit of an inference that the information contained in First Tech's inaccurate answer and the incomplete filtered transaction printout compels the conclusion that he was entitled to the exemption. RCW 6.15.010 provides certain categories of personal property that may be exempt from garnishment, including $500 in bank accounts.[11] But to satisfy his burden

---

[8] CP at 115.

[9] Report of Proceedings (RP) (Apr. 19, 2017) at 48.

[10] Appellant's Br. at 17.

[11] Anthis, 173 Wn.2d at 763-64.

under RCW 6.27.160(2) of "proving any claimed exemption," Pistrak must provide affirmative evidence supporting the asserted exemption.

Proof of the $500 personal exemption as to bank accounts might include evidence of the amount in such accounts when the writ of garnishment was served, as well as any deposits or withdrawals after the date of service of the writ. And depending on the circumstances, the debtor may also need to establish whether the debtor has previously benefited from the claimed personal exemption.

The limited information provided by Pistrak does not show the balance of any of the accounts on January 17, 2017, the date Golubeva served the writ of garnishment on the credit union.[12] And Pistrak cannot satisfy his burden by relying solely on inaccurate or incomplete documents. First Tech's initial answer to the writ of garnishment misstated the amount in Pistrak's accounts on the date Golubeva served the writ on First Tech. And the filtered transaction printout listing the amount garnished from his accounts on January 24, 2017 omitted Pistrak's January 23, 2017 withdrawal of $500. Pistrak provided no other information explaining or clarifying this inaccurate and incomplete information. Pistrak also failed to address whether he had previously exercised the claimed exemption.

In this unusual factual setting, Pistrak did not provide adequate evidence to support his exemption claim. The trial court did not err when it found Pistrak failed to satisfy his burden of proof.

---

[12] The writ was effective as of the date of service on the credit union. RCW 6.27.120.

7

Golubeva argues this court may alternatively deny Pistrak's claimed exemption because he is not a resident of Washington. RCW 6.15.050(6) provides, "Nothing in this chapter shall be construed to exempt personal property of a nonresident of this state."

Golubeva first raised the residency issue in her response to Pistrak's motion for reconsideration. But her response stated only that residency was "[a]n additional factor that should be explored in the event of reconsideration."[13] At the following hearing, neither the parties nor the court addressed residency. For the first time on appeal, Pistrak argues he holds dual residency. Because neither Pistrak nor Golubeva fully presented this issue to the trial court, we do not consider this issue.[14]

## III. Attorney Fees

Pistrak argues the trial court abused its discretion when it awarded attorney fees to Golubeva.

We apply a two-part standard of review to a trial court's award or denial of attorney fees: "(1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of

---

[13] CP at 78.

[14] See RAP 2.5(a); State v. McFarland, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995) ("As a general rule, appellate courts will not consider issues raised for the first time on appeal.").

any attorney fee award for an abuse of discretion."[15] "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."[16]

First, Pistrak claims the court abused its discretion when it awarded $652.50 in attorney fees after the first hearing.

RCW 6.27.160(2) provides, "After a hearing on an objection to an exemption claim, the court shall award costs to the prevailing party and may also award an attorney's fee to the prevailing party if the court concludes that the exemption claim or the objection to the claim was not made in good faith."[17]

At the first hearing, the court found Pistrak did not claim the exemption in good faith. Pistrak did not assign error to this finding,[18] and he did not raise this issue until his reply brief.[19] We decline to review this issue.

Second, Pistrak contends the trial court abused its discretion when it awarded an additional $1,002 in attorney fees after the second hearing.

---

[15] Gander v. Yeager, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

[16] In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

[17] The exemption claim form contained the following language: "IF THE JUDGE DENIES YOUR EXEMPTION CLAIM, YOU WILL HAVE TO PAY THE PLAINTIFF'S COSTS. IF THE JUDGE DECIDED THAT YOU DID NOT MAKE THE CLAIM IN GOOD FAITH, HE OR SHE MAY DECIDE THAT YOU MUST PAY THE PLAINTIFF'S ATTORNEY FEES." CP at 152.

[18] See RAP 10.3(a)(4); RAP 10.3(g); Unigard Ins. Co. v. Mut. of Enumclaw Ins. Co., 160 Wn. App. 912, 922, 250 P.3d 121 (2011) ("We are not required to review . . . unassigned errors.").

[19] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

At the second hearing, the court again found Pistrak did not claim the exemption in good faith. The court affirmed the earlier award and added fees for Golubeva's response to the motion for reconsideration.

In his fee declaration, Golubeva's attorney sought fees for "[d]rafting opposition to motion for reconsideration," "prepar[ing] proposed order and declaration re: fees," and "preparing for and attending the hearing."[20] Her attorney sought a discounted rate of $150 an hour for nearly seven hours of work.

Pistrak argues the additional fees related to the motion for reconsideration are inappropriate since Golubeva did not prevail on the motion. Pistrak also argues the award of additional fees "has the effect of requiring [him] to pay for the interpreter because the court required no new briefings and the lack of interpreter was the single reason the court granted a new trial."[21]

When the court granted reconsideration, the court indicated it "[did] not need any additional briefing regarding the underlying merits of the exemption claim as that issue has been briefed extensively at this point."[22] Pistrak's argument seems to confuse the lack of additional briefing on the merits of exemption claim with Golubeva's briefing opposing the motion for reconsideration. Pistrak's motion for reconsideration raised other issues related to the merits of his claim of exemption, along with the lack of an interpreter. And at the second hearing, the

---

[20] CP at 80-81.

[21] Reply Br. at 21.

[22] CP at 110.

court explained, "[T]he only reason why I vacated my prior order was because [of] the interpreter issue. That related solely to the hearing itself, not any of the briefing at all, which is more than accounted for in his discounted rates."[23] The trial court had the discretion to determine that the briefing on reconsideration related to the exemption claim was properly within the scope of an award of fees for lack of good faith in asserting the exemption.

The trial court did not abuse its discretion when it awarded attorney fees to Golubeva for the second hearing.

## IV. Fees on Appeal

Golubeva requests fees on appeal under RCW 6.27.160(2) and RAP 18.1.

Although RCW 6.27.160(2) provides for an award of attorney fees "[a]fter a hearing on an objection to an exemption claim" if "the claim was not made in good faith," Golubeva does not provide any authority that RCW 6.27.160(2) extends to an award of fees on appeal.

Golubeva also seeks fees for a frivolous appeal under RAP 18.9.

The appellate court on its own initiative or on motion of a party may order a party or counsel who files a frivolous appeal to pay sanctions to the court.[24] "An appeal is frivolous if, considering the whole record, the court is convinced there

---

[23] RP (Apr. 19, 2017) at 51.
[24] RAP 18.9(a).

are no debatable issues on which reasonable minds may differ and it is totally devoid of merit."[25]

Golubeva argues sanctions are appropriate here because Pistrak "did not disclose records necessary to establishing an exemption" and "[t]he inadequate record he made at the trial level follows him on appeal and precludes any reasonable possibility of reversal."[26] Although unsuccessful, Pistrak raised some debatable issues on appeal.[27] Moreover, we resolve all doubts as to whether the appeal is frivolous in favor of the appellant.[28]

We deny Golubeva's request for fees on appeal.

Therefore, we affirm.[29]

WE CONCUR:

---

[25] Matter of Recall of Boldt, 187 Wn.2d 542, 556, 386 P.3d 1104 (2017).

[26] Resp't's Br. at 29.

[27] Olsen Media v. Energy Sciences, 32 Wn. App. 579, 588, 648 P.2d 493 (1982).

[28] Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009).

[29] The parties' reciprocal motions to strike are denied. Golubeva's motion for sanctions is also denied.