[No. 24360–8–I.   Division One.   December 10, 1990.]

MICHAEL A. ZIMNY, *as Personal Representative, Appellant,* v. ANTHONY LOVRIC, ET AL, *Respondents.*

738

*K.R. St. Clair* and *William H. Nielsen,* for appellant.

*David H. Olwell* and *Joseph J. Lanza,* for respondents.

WEBSTER, J.—In October 1983, Mitchell Zimny, a minor, was injured as a result of Lovric's alleged negligence. In January, 1986, Zimny drowned in an accident unrelated to the alleged negligence. In May, 1986, Zimny's personal representative (hereinafter Zimny) sued Lovric under RCW 4.20.046, Washington's survival statute, claiming damages for diminished earning capacity.

Lovric brought a motion for partial summary judgment asking the court to limit any recovery for diminished earning capacity to the period prior to death. The first trial judge, Judge Deierlein, denied the motion. Four days prior to trial, Lovric brought a motion in limine to prevent Zimny from introducing any evidence or testimony as to damages for diminution in earning capacity past the date of death. The second trial judge, Judge Bruhn, granted the motion (Judge Deierlein had retired). Zimny then filed a motion for reconsideration which was denied. Upon Zimny's claim that the ruling was "dispositive of the case", Judge

Bruhn signed a second order dismissing the cause with prejudice.

## DENIAL OF A SUMMARY JUDGMENT HAS NO RES JUDICATA EFFECT

Zimny erroneously claims that Judge Deierlein's denial of Lovric's partial summary judgment was res judicata and could not be reexamined. Therefore, contends Zimny, Judge Bruhn should not have ruled on Lovric's motion in limine.

■ The Washington courts have held that denial of a motion for summary judgment is not appealable. *Roth v. Bell*, 24 Wn. App. 92, 600 P.2d 602 (1979). The courts have also stated that an order which is not appealable is not a final judgment and has no res judicata effect. *McLean v. Smith*, 4 Wn. App. 394, 482 P.2d 798 (1971).[1]

Denial of Lovric's partial summary judgment in this case was not appealable (*Roth*), and therefore, it was not a final judgment (*McLean*). Consequently, it had no res judicata effect and Lovric's motion in limine was not barred.

## THE MOTION IN LIMINE DID NOT CONSTITUTE A CR 59 MOTION FOR RECONSIDERATION

Zimny claims that Lovric's motion in limine was a "disguised" motion for reconsideration under CR 59. He states that since the motion in limine was not served and filed within 10 days after the denial of the summary judgment as required by CR 59, that the motion was fatally defective and improperly ruled on.

The title of CR 59 is "New Trial, Reconsideration, and Amendment *of Judgments.*" (Italics ours.) The time requirements of the rule state that "[a] motion for . . . reconsideration shall be served and filed not later than 10 days after the *entry of the judgment.*" (Italics ours.) CR 59(b). Under CR 54(a)(1), entitled "Judgments and Costs",

---

[1]In *McLean*, the court stated that since an order *denying* a preliminary injunction was nonappealable, that it was not a final order. The court went on to hold that "[t]he rules of res judicata are not applicable where the order or judgment is not a final order or final judgment." *McLean*, at 400.

the definition of a judgment is "the final determination of the rights of the parties in the action and includes any decree and order from which an appeal lies."

■ Since denial of the partial summary judgment was neither appealable nor final, it cannot be considered a "judgment" for purposes of CR 59. Therefore, the notice requirements of CR 59 are not applicable to Lovric's motion in limine.

### THE 5–DAY NOTICE REQUIREMENT OF CR 6 WAS NOT VIOLATED

Zimny next claims that reversal is required since the motion in limine failed to comply with the notice provisions of CR 6. Under CR 6(d) a written motion must not be served later than 5 days before the trial. Here the notice of the motion was not received until the fourth day before trial.

■ Washington courts have held that reversal for failure to comply with the notice provisions of CR 6 requires a showing of prejudice.[2] To establish prejudice, the party making the challenge must show a lack of actual notice, a lack of time to prepare for the motion, and no opportunity to provide countervailing oral argument and submit case authority. *Goucher v. J.R. Simplot Co.*, 104 Wn.2d 662, 665, 709 P.2d 774 (1985); *Loveless v. Yantis*, 82 Wn.2d 754, 759–60, 513 P.2d 1023 (1973). The prejudice claimed here is that Zimny (1) did not receive Lovric's memorandum in support of the motion until the day of trial, and (2) had to subpoena witnesses, including experts, and then "call them off at the last minute at no small expense." However, Zimny does not contend that he lacked time to prepare or to provide countervailing argument and case authority.

---

[2]*See Goucher v. J.R. Simplot Co.*, 104 Wn.2d 662, 665, 709 P.2d 774 (1985) (prejudice was not established since the plaintiff was able to "provide countervailing oral argument and to submit case authority in support of his position"); *Loveless v. Yantis*, 82 Wn.2d 754, 759–60, 513 P.2d 1023 (1973) (prejudice was not established since there had been actual notice and time to prepare for the motion in question).

Neither has he claimed that he lacked actual notice of the motion. Instead, he points to the fact that calling off witnesses was expensive. This is not the type of prejudice which requires reversal for failure to comply with the notice provisions of CR 6.

■ Furthermore, the Washington courts have held that failure to raise a CR 6 notice violation at trial constitutes a waiver and prevents the issue from being raised on appeal. *Rivard v. Rivard,* 75 Wn.2d 415, 420, 451 P.2d 677 (1969). Zimny claims that he properly objected to the motion in limine. However, he failed to provide a verbatim copy of the record. Instead, he cites to his motion for reconsideration of the motion in limine. Since Zimny cites his motion for reconsideration to support the claim that he properly objected, presumably he did not raise the notice violation until after the hearing on the motion in limine. Without the record, it is impossible to ascertain whether he objected to the CR 6 violation at trial. Under *Rivard,* Zimny's failure to object at trial constituted a waiver and, therefore, he cannot raise the issue here on appeal.

### ZIMNY IS PROHIBITED FROM CLAIMING DAMAGES FOR DIMINISHED EARNING CAPACITY PAST THE DATE OF DEATH

Zimny further claims that Judge Bruhn's order granting the motion in limine was erroneous. He contends that under Washington law, damages for diminished earning capacity survive the death of the injured party even though the injuries did not cause the decedent's death.

The Washington courts have held that under RCW 4.20-.046(1)[3] *any* and *all* causes of action or damages, except

---

[3]RCW 4.20.046 reads in part as follows:

"**Survival of actions.** (1) All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter . . . *Provided, however,* That no personal representative shall be entitled to recover damages for pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased."

those specifically prohibited under the proviso, are available to the personal representative on behalf of the estate.[4] Furthermore, damages for diminished earning capacity have specifically been held available under the statute. *Hinzman v. Palmanteer,* 81 Wn.2d 327, 331, 501 P.2d 1228 (1972); *Warner v. McCaughan,* 77 Wn.2d 178, 182–83, 460 P.2d 272 (1969).[5] The courts have also held that the survival statute "applies to actions brought by a personal representative on behalf of the estate for *injuries . . . that did not cause the decedent's* death." (Italics ours.) *Strickland v. Deaconess Hosp.,* 47 Wn. App. 262, 265, 735 P.2d 74, *review denied,* 108 Wn.2d 1028 (1987).

■ Although Zimny is correct in stating that under *Strickland* a personal representative can recover damages for injuries that did not cause the decedent's death, his claim must ultimately fail. *Strickland* allows damages to be recovered, but does not govern the time period for which such damages are recoverable. No Washington case has dealt with this issue. However, there is ample authority supporting the proposition that once the decedent dies, his or her earnings, if any, become fixed and damages for diminished earning capacity cannot be recovered past the date of death.

---

[4]This proposition is supported by numerous cases and also applies to damages. *See Wooldridge v. Woolett,* 96 Wn.2d 659, 663, 638 P.2d 566 (1981); *Balmer v. Dilley,* 81 Wn.2d 367, 370, 502 P.2d 456 (1972) ("all causes of action of a deceased survive . . . which include all elements of damage except those enumerated in the proviso of the statute"); *Harvey v. Cleman,* 65 Wn.2d 853, 857–58, 400 P.2d 87 (1965) (the court held that the Legislature has established that *all* causes of action and any other element of damage, except those enumerated, survive the death of the injured party).

[5]Impairment of earning capacity is a permanent diminution of an ability to perform work and earn money that was available without the injury caused by the defendant. The Washington courts have held that "when . . . an injury was such that it occasioned a . . . permanent diminution of the ability to earn money, then the plaintiff should be entitled to compensation for what is generally called 'impaired earning capacity.'" *Kubista v. Romaine,* 14 Wn. App. 58, 62–63, 538 P.2d 812 (1975), *aff'd,* 87 Wn.2d 62, 549 P.2d 491 (1976).

In *Atchison  Topeka & Santa Fe R.R. v. Chance,* 57 Kan. 40, 45 P. 60 (1896), the court, holding that there was no basis for an estimate of damages extending beyond the injured party's death, stated:

> expectancy is only to be resorted to in the absence of certainty, and as the life of [the decedent] was terminated before the trial, there was no basis for an estimate of damages extending beyond that period. Damages for the permanent deprivation . . . of the capacity to work . . . should therefore be limited to the period [prior to death].

*Atchison,* 57 Kan. at 48. In *Allen v. Burdette,* 139 Ohio St. 208, 210, 39 N.E.2d 153, 154 (1942), the court held:

> if an action based upon a claim of permanent injuries had been instituted by the person injured, evidence would have been admissible to show the probable length of life and thereby furnish a basis of computation of the loss resulting from his inability to work and earn money from the time of his injury to the probable time of his death. However, . . . while [this evidence] tends to show the probable length of life and the estimated time of death, *it has no place in this case, for the actual time of death is established and it becomes unnecessary to deal in probabilities.* Where death has actually occurred, the theory of prospective damages included in such survival claim has no place whatever.

(Italics ours.) *See also Chappell v. Pittsburgh & West Virginia Ry. Co.,* 402 Pa. 646, 168 A.2d 330 (1961); *Rogers v. Thompson,* 364 Mo. 605, 265 S.W.2d 282 (1954); Martin, *Measuring Damages in Survival Actions for Tortious Death,* 47 Wash. L. Rev. 609, 624 (1972) (where the injured party dies from causes unrelated to the injury, the estate can recover for lost earnings only to date of death). Damages for diminished earning capacity are calculated according to the injured party's life expectancy. Since in the usual case the length of the injured party's life is uncertain, this process involves having an expert testify as to the *probable* life expectancy of the injured person. But when the actual time of death is established, as in this case, expert testimony as to the probable length of life is not necessary since the decedent's life expectancy becomes fixed and certainty is established.

In conclusion, we hold that where an injured person dies from causes unrelated to the injury litigated, the personal representative cannot recover damages for diminished earning capacity beyond the date of death. The cause of action survives, but damages become fixed and recovery may be had only for the period between the date of the accident and the date of the death from unrelated causes.

The trial judge's order granting the motion in limine was not erroneous. The judgment is affirmed.

COLEMAN, C.J., and RINGOLD, J. Pro Tem., concur.

Review denied at 116 Wn.2d 1013 (1991).