2014 AUG 18 AM 10: 53


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BETH AND DOUG O'NEILL, individuals, | ) ) ) | No. 70657-8-I |
| Respondents, | ) ) | DIVISION ONE |
| v. | ) ) | |
| THE CITY OF SHORELINE, a municipal agency and DEPUTY MAYOR MAGGIE FIMIA, individually and in her official capacity, | ) ) ) ) ) ) | PUBLISHED OPINION |
| Appellants. | ) ) | FILED: August 18, 2014 |
| | ) | |

LEACH, J. — The city of Shoreline and Deputy Mayor Maggie Fimia (collectively City) appeal a trial court decision awarding costs and attorney fees to Beth and Doug O'Neill under the Public Records Act.[1] The City claims that the O'Neills lost their right to this recovery because they filed their fee request more than 10 days after the court entered a stipulated judgment on their damage claim. Because the City fails to show prejudice from the O'Neills' failure to file their fee request within the time required by CR 54(d)(2), we affirm.

---

[1] Ch. 42.56 RCW.

FACTS

In 2006, the O'Neills sued the City, alleging violations of the Public Records Act.[2]

On August 2, 2012, on remand from our Supreme Court, the trial court granted partial

summary judgment in favor of the O'Neills. In its order, the court stated,

> The Court HEREBY Orders that pursuant to RCW 42.56.550(4) Plaintiffs shall be awarded reasonable attorney's fees and all costs incurred in this action to date, and statutory penalties, to be determined after subsequent briefing and argument. Plaintiffs shall be entitled to an award of reasonable attorney's fees and all costs incurred in connection with such fee and penalty motions, the amounts of which shall be determined by the Court in conjunction with the fee and penalty motions.

The court denied the City's motion for reconsideration.

On September 18, 2012, the City made an offer of judgment to the O'Neills. This

offer stated,

> The Defendants, pursuant to CR 68, offer to allow judgment to be entered against them in this matter for $100,000.00 (One Hundred Thousand Dollars and Zero Cents) for daily penalties. This amount does not include costs, including attorneys' fees, incurred to date, which shall be awarded in an amount to be determined by the Superior Court after subsequent briefing and argument.

The O'Neills accepted this offer on September 27, 2012.

On October 9, 2012, the trial court entered a stipulated judgment on the offer and

acceptance, which stated,

> This matter came before the Court for entry of judgment under CR 68 on the O'Neills' acceptance of the City of Shoreline's and Maggie Fimia's offer of judgment for $100,000.00 (One Hundred Thousand Dollars and Zero Cents) for daily penalties only. True copies of the offer, acceptance and proof of service of the same are attached as Exhibit A.

---

[2] O'Neill v. City of Shoreline, 170 Wn.2d 138, 144, 240 P.3d 1149 (2010).

Based on the offer of judgment and acceptance, Judgment is entered against the City of Shoreline and Maggie Fimia for $100,000.00 (One Hundred Thousand Dollars and Zero Cents) for daily penalties. This amount does not include costs, including attorneys' fees, incurred to date, which shall be awarded in an amount to be determined by the Superior Court after subsequent briefing and argument.

On September 28, 2012, after the O'Neills accepted the City's offer of judgment but before the court entered its judgment on the offer, the City sought discovery about the amount of attorney fees. The O'Neills responded to the City's discovery requests on October 29, 2012. On November 1, the City sent a letter to the O'Neills stating,

You accepted the offer of judgment on September 24, 2012, the court entered the final judgment on October 8, 2012 [sic] and a copy of the signed order was provided to you on October 11, 2012. King County Superior Court Rule 54(d)(2) required you to submit your claim for attorneys' fees no later than 10 days after entry of the judgment, i.e., October 18, 2012. An alternative deadline is not provided by the court's October 8, 2012 order or the Public Records Act. Thus, it is the City's and Fimia's position that you have waived any claim for attorneys' fees and any subsequently filed request must be denied by the court as untimely. See Corey v. Pierce County, 154 Wn. App 752, 225 P.3d 367 (2010) (despite successful recovery of a judgment for wages and salary owed, plaintiff's request for attorney's fees was properly denied due to her failure to file her attorney's fees request within the 10 day time limitation under CR 54(d)(2)).

Therefore, although your discovery responses are deficient, issues regarding production of records responsive to the discovery requests appear to be moot.

On November 5, 2012, the O'Neills moved for determination of the amount of the fee and cost award. On November 6, they responded to the City's letter, asserting, "Defendants had no intention of pursuing the completely improper discovery requests they issued. Defendants clearly issued it solely to delay any filing of a fee motion so they could make the argument the fee motion was waived." In response, the City argued that the O'Neills waived their right to attorney fees because they failed to comply

with the 10-day time limit in CR 54(d). The O'Neills replied that the 10-day time limit did not apply, contending that the court's judgment on the offer and acceptance was not a judgment for the purposes of CR 54(d) because it did not contain a judgment summary, as RCW 4.64.030(2)(a) required. The O'Neills also asserted that the City made its discovery request "to delay a fee motion filing" and claimed that if the 10-day limit applied, they had demonstrated excusable neglect. The City filed a surreply asking the court to strike the fee motion as untimely on the basis that the O'Neills failed to file a CR 6 motion to excuse their failure to meet the 10-day deadline and find that they had not shown excusable neglect.

At a hearing on the O'Neills' fee motion, the court told the City, "I'm not concerned about the 54 issue, so let's just talk about your rates." The record contains no finding of excusable neglect. The court granted the O'Neills' motion.

On June 28, 2013, the trial court entered an order awarding the O'Neills $428,966.18 for fees and $9,588.79 for costs. The court denied the City's motion for reconsideration.

The City appeals.

### STANDARD OF REVIEW

The parties ask us to determine if, in the absence of a finding of excusable neglect, the trial court had the legal authority to enter an order awarding fees and costs when the O'Neills filed their request for this relief more than 10 days after the court

entered judgment on the offer for damages and its acceptance. We review this question of law de novo.[3]

We review the denial of a motion for reconsideration for abuse of discretion.[4] A trial court abuses its discretion if its decision is manifestly unreasonable or is based on untenable grounds.[5]

## ANALYSIS

The City contends that the trial court erred by considering the O'Neills' motion for determination of the amount of fees and costs because they filed it more than 10 days after the court entered a stipulated judgment for damages in their favor. The City asserts that the trial court must, but did not, make a finding of excusable neglect before it could consider the O'Neills' untimely motion. We disagree.

CR 54(d)(2) requires a party seeking attorney fees and expenses to file a claim by motion "no later than 10 days after entry of judgment." CR 6(b) provides procedures for enlarging the time specified in this rule.[6] CR 6(b) specifically prohibits extending the

---

[3] Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013) (citing Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903, 908, 154 P.3d 882 (2007)).

[4] Brinnon Grp. v. Jefferson County, 159 Wn. App. 446, 485, 245 P.3d 789 (2011) (citing Lilly v. Lynch, 88 Wn. App. 306, 321, 945 P.2d 727 (1997)).

[5] State v. Emery, 161 Wn. App. 172, 190, 253 P.3d 413 (2011) (quoting State v. Allen, 159 Wn.2d 1, 10, 147 P.3d 581 (2006)).

[6] CR 6(b) states,

**Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion, (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or, (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may

time for taking action under rules 50(b), 52(b), 59(b), 59(d), and 60(b). The O'Neills never filed a motion to enlarge time. The City claims that this omission resulted in the O'Neills' waiver of any right to recover fees and costs.

Neither party cited in its briefing what we consider to be the controlling authority, Goucher v. J.R. Simplot Co.[7] In Goucher, the defendant filed a motion in limine the first day of trial, in violation of the time requirements of CR 6(d).[8] Our Supreme Court rejected the plaintiff's contention that the trial court erred in considering the motion, stating, "'CR 6(d) is not jurisdictional, and that reversal for failure to comply requires a showing of prejudice.'"[9] A party establishes prejudice by showing "a lack of actual notice, a lack of time to prepare for the motion, and no opportunity to provide countervailing oral argument and submit case authority."[10]

The City has offered no meaningful distinction between the time requirements of CR 6(d) and CR 54(d)(2), and we see none. The identification in CR 6(b) of specific

---

not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b).

[7] 104 Wn.2d 662, 709 P.2d 774 (1985).

[8] Goucher, 104 Wn.2d at 664-65. CR 6(d) states,
A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application. When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

[9] Goucher, 104 Wn.2d at 665 (quoting Brown v. Safeway Stores, Inc., 94 Wn.2d 359, 364, 617 P.2d 704 (1980)); Loveless v. Yantis, 82 Wn.2d 754, 759-60, 513 P.2d 1023 (1973).

[10] Zimny v. Lovric, 59 Wn. App. 737, 740, 801 P.2d 259 (1990) (citing Goucher, 104 Wn.2d at 665; Loveless, 82 Wn.2d at 759-60).

time requirements in rules that cannot be enlarged strongly supports the conclusion that Goucher applies to the other time requirements of the civil rules. Here, the City conceded at oral argument that it demonstrated no prejudice to the trial court. Therefore, even if the O'Neills failed to comply with the 10-day time limit, they did not waive their right to recover fees.

The City cites Corey v. Pierce County in support of its position. But Corey merely affirmed a trial court's exercise of discretion to enforce the time requirements of CR 54(d)(2) and did not address whether a court must enforce them.[11]

In view of our resolution of the City's claim, we need not, and do not, resolve the O'Neills' assertion that the stipulated judgment for damages was not a judgment for purpose of CR 54(d)(2). However, we do address two matters that arose in this case and occur with disturbing frequency—statements of additional authorities and motions to strike.

At the direction of the panel deciding this case, a case manager contacted counsel for the parties and asked them to be prepared to discuss a case not cited in their briefing, Goucher v. J.R. Simplot Co. Shortly afterward, the O'Neills filed a statement of additional authorities listing Goucher, two cases cited in Goucher, and two other cases. This filing provided no new information and wasted the time of the court. RAP 10.8 allows parties to file statements of additional authorities. We view this rule as being intended to provide parties an opportunity to cite authority decided after the

---

[11] Corey, 154 Wn. App. at 774.

completion of briefing. We do not view it as being intended to permit parties to submit to the court cases that they failed to timely identify when preparing their briefs.

The City moved to strike a sentence in the O'Neills' brief, stating, "While there exist unpublished authority, post dating [sic] Corey, rejecting Defendants' CR 54(d)(2) waiver claims in a stipulated judgment context, there is no known case, published or otherwise, accepting the arguments Defendants make here in the stipulated judgment context." The City also asks us to impose sanctions on the O'Neills for citing unpublished authority.

GR 14.1(a) prohibits a party from citing as authority an unpublished opinion of the court of appeals. Although the O'Neills refer to "unpublished authority," they do not rely on any unpublished decisions to support their arguments. Rather, they made the quoted statement as part of their claim that no authority supports the City's waiver argument. The City provides no basis to strike the cited sentence from the O'Neills' brief or to impose sanctions. We deny the City's motion and request for sanctions.

Because of the frequency with which litigants file motions to strike portions of briefs we quote two pertinent authorities: "Motions to strike sentences or sections out of briefs waste everyone's time."[12]

> No one at the Court of Appeals goes through the record or the briefs with a stamp or scissors to prevent the judges who are hearing the case from seeing material deemed irrelevant or prejudicial. So long as there is an opportunity (as there was here) to include argument in the party's brief, the brief is the appropriate vehicle for pointing out allegedly extraneous materials—not a separate motion to strike.[13]

---

[12] Redwood v. Dobson, 476 F.3d 462, 471 (7th Cir. 2007).

[13] Engstrom v. Goodman, 166 Wn. App. 905, 909 n.2, 271 P.3d 959, review denied, 175 Wn.2d 1004 (2012).

The O'Neills request attorney fees on appeal under RAP 18.1 and RCW 42.56.550(4), which permits a prevailing requester in a Public Records Act action to recover all costs, including reasonable attorney fees, incurred in connection with the action. To determine the reasonableness of attorney fees, the court calculates a lodestar figure.[14] This requires the court to determine the number of hours reasonably expended in the litigation.[15] The court limits the lodestar to hours reasonably expended and therefore discounts hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time.[16]

A party in Public Records Act litigation may recover attorney fees only for work on successful issues.[17] When a party may recover fees on only some of its claims, the award must reflect a segregation of the time spent on the varying claims.[18] The court separates time spent on theories essential to the successful claim from time spent on theories related to other claims.[19] But "[i]f the court finds that claims are so related that segregation is not reasonable, then it need not segregate the attorney fees."[20]

RCW 42.56.550(4) "shall be liberally construed to promote . . . full access to public records."[21] It provides for a more liberal recovery of costs than does RCW

---

[14] Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[15] Bowers, 100 Wn.2d at 597.

[16] Bowers, 100 Wn.2d at 597.

[17] Sargent v. Seattle Police Dep't, 167 Wn. App. 1, 26, 260 P.3d 1006 (2011) (citing Sanders v. State, 169 Wn.2d 827, 868, 240 P.3d 120 (2010)), rev'd in part on other grounds, 179 Wn.2d 376, 314 P.3d 1093 (2013).

[18] Dice v. City of Montesano, 131 Wn. App. 675, 690, 128 P.3d 1253 (2006) (citing Hume v. Am. Disposal Co., 124 Wn.2d 656, 672, 880 P.2d 988 (1994)).

[19] Dice, 131 Wn.2d at 690 (citing Hume, 124 Wn.2d at 673).

[20] Dice, 131 Wn.2d at 690 (citing Hume, 124 Wn.2d at 673).

[21] Former RCW 42.17.010 (1975), recodified as RCW 42.17A.001.

4.84.010, the statute that governs recovery of costs generally.[22] The liberal allowance for cost recovery furthers the policy of the public's right to access public records.[23] Here, the O'Neills prevail upon an argument that they did not advance. In recognition of the strong public policy underlying the Public Records Act, we award the O'Neills reasonable attorney fees and costs on appeal, subject to the foregoing limitations.

The O'Neills also ask that we impose sanctions against the City under RAP 18.9(a), which permits an appellate court to impose sanctions on a party or counsel "who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." The O'Neills allege, "Defendants' claims they could not have submitted discovery any sooner than the day after submitting the Agreed Order to the court for approval is not credible or logical. Defendants clearly sought to negotiate a contract and Agreed Order they had no intention of performing." They assert, "This appeal and the Defendants' arguments to void their contractual obligations have no merit."

An appeal is not frivolous or brought for purposes of delay if it involves "'debatable issues upon which reasonable minds might differ.'"[24] Because the City presented debatable arguments about the applicability of CR 54(d)(2), we conclude that

---

[22] Am. Civil Liberties Union v. Blaine Sch. Dist. No. 503, 95 Wn. App. 106, 117, 975 P.2d 536 (1999)

[23] Blaine, 95 Wn. App. at 117.

[24] Olsen Media v. Energy Sciences, Inc., 32 Wn. App. 579, 588, 648 P.2d 493 (1982) (quoting Streater v. White, 26 Wn. App. 430, 435, 613 P.2d 187 (1980)).

this appeal was not frivolous or brought for purposes of delay and deny the O'Neills' request for sanctions.

## CONCLUSION

Because the City shows no prejudice from the O'Neills' alleged failure to comply with the time requirement in CR 54(d)(2), we affirm. We award the O'Neills costs and attorney fees on appeal, subject to their timely compliance with RAP 14.4(a) and 18.1.

_Leach, J._

WE CONCUR: