# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

TIMOTHY KEITH,          )

                                 )    DIVISION ONE

           Appellant,    )    No. 70931-3-I

        v.                 )

AMANDA JAMISON      )

                                )    UNPUBLISHED OPINION

       Respondent.   )

_____ )    FILED:   MAY 18 2015

PER CURIAM — Timothy Keith, appearing pro se, appeals an order of contempt imposing a sanction of $1,000 in attorney fees. He contends the order should be reversed because the notice of hearing below did not comply with SCLCR 6(d)(1)[1] and he therefore "did not have proper time to respond" to the motion for contempt. Assuming without deciding that the order is appealable as a matter of right,[2] Keith fails to demonstrate reversible error.

A violation of the notice requirements for motion hearings is grounds for reversal only upon a showing of prejudice. O'Neill v. City of Shoreline, 183 Wn. App. 15, 22, 332 P.3d 1099 (2014) (addressing CR 6(d)(1)); Zimny v. Lovric, 59 Wn. App. 737, 740, 801 P.2d 259 (1990). Keith failed to demonstrate prejudice or request a continuance below. He merely stated that he received notice of the hearing "on Monday . . . , which only gave me four days [to prepare for the hearing] and I thought it had to be nine to fourteen days but I guess that's beside

---

[1] The rule provides in part: "Notes for the Motion Calendar shall be filed with the clerk of the court and served on all parties at least nine (9) court days before the hearing."

[2] See In re Marriage of Wagner, 111 Wn. App. 9, 15-16, 44 P.3d 860 (2002) ("An adjudication of contempt is appealable if it is a final order or judgment; i.e., the contumacy—the party's willful resistance to the contempt order—is established, and the sanction is a coercive one designed to compel compliance with the court's order.").

the point." Report of Proceedings (Aug. 30, 2013) at 7. For the first time on appeal, Keith claims that he was prejudiced by the late notice.[3] We need not consider arguments made for the first time on appeal. RAP 2.5(a).

Affirmed.

FOR THE COURT:

_____

---

[3] He claims he "was up until 4:00 a.m. trying to put together his response which did not contain any proper legal points and or arguments, just his story and or babbling of what took place." Appellant's Br. at 1-2.