# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHRISTOPHER KAES and MARY KAES, husband and wife, | No. 58155-8-II |
| Appellants, | |
| v. | |
| JUAN RODRIGUEZ, VISTA PROPERTY MANAGEMENT, LLC, JEFFERY T. SWINEY-WEAVER, BRUCE A. SWINEY WEAVER, MICHAEL KNOBBE, KRISTIE KNOBBE, JAMES C. BARTHOLOMEW, LORI BARTHOLOMEW, and LACHIC A. REESE, | PUBLISHED OPINION |
| Defendants below, | |
| LORI ROTHE and DAVID N. ROTHE, husband and wife, | |
| Respondents. | |

CRUSER, A.C.J. — The trial court found Christopher Kaes in contempt of court after he willfully destroyed evidence relevant to his defamation claims against the Rothes and other defendants. The court dismissed Kaes' claims with prejudice and entered judgment on January 13, 2023. Kaes did not appeal the dismissal, and after the time period for appeal elapsed, the Rothes moved the court for attorney fees and costs. The court granted the motion on April 17, 2023, ordering a fee award of over $14,000.

Kaes now appeals the fee award, arguing that the Rothes' motion for fees was untimely under CR 54(d) and that the court did not have authority to enter a fee award at that time absent a showing of excusable neglect. The Rothes argue that that even if their motion was untimely, Kaes is not entitled to relief because he failed to show that he was prejudiced by the lateness of the motion. We agree with Kaes that the trial court erred when it granted the Rothes' untimely motion for attorney fees. Accordingly, we vacate the order awarding attorney fees to the Rothes and remand for reconsideration of the motion and for the trial court to apply the correct legal standard to the issue of whether Kaes was prejudiced by the court's error.

FACTS

Christopher Kaes filed a defamation claim against multiple defendants, including David and Lori Rothe. Kaes alleged that the defendants defamed him by publishing false allegations that he photographed neighborhood children and stole money from the HOA. Kaes maintained, to show these allegations were false, that he photographed only cars that were parked illegally in their neighborhood. During discovery, Kaes produced many photographs but withheld others and willfully destroyed a cell phone and laptop containing more photographs.

Upon learning that Kaes destroyed the devices, the Rothes moved for sanctions on the ground of contempt and spoliation, asking the court to dismiss the case. Their motion contained a section requesting attorney fees pursuant to RCW 7.21.030(3) and CR 37(b).

After hearing oral argument, the trial court granted the Rothes' contempt motion and dismissed the case with prejudice on January 13, 2023. The court asked the attorneys to step out and craft an order. When counsel returned, the judge signed the order. The order appears to be a copy of the Rothes' proposed order in which the paragraph that would have awarded attorney fees

2

was stricken. The judge's initials do not appear beside the stricken portion of the proposed order, as would have been the judge's custom if the judge had removed the language. Relying on the stricken fee provision in the contempt order, Kaes decided not to move for reconsideration or file an appeal.

The Rothes then moved for fees on March 29, 2023, after Kaes' deadline for filing an appeal had elapsed. Kaes responded and argued that the motion for fees was untimely under CR 54(d)(2) and that therefore, the court lost "jurisdiction" to enter a fee award when it dismissed the underlying action. Clerk's Papers at 93. Kaes also argued that he was prejudiced by the delay because it caused him to lose his opportunity to file a motion for reconsideration or to appeal the dismissal. Kaes submitted a declaration indicating that he believed the fee request had been rejected by the court when the court dismissed the case on January 13. In their written reply, the Rothes disputed Kaes' contention that it was the court that struck the attorney fee award. They explained that it was their intention to reserve the attorney fee issue for a later time.

When the court heard argument on the Rothes' motion for attorney fees, it asked the Rothes' counsel to explain the delay. The attorney responded that January 13 was a busy day at the court, and that he felt it better to reserve the issue for a later date. The Rothes' counsel further explained that calculating the fees and costs incurred in moving for sanctions, as distinct from other fees and costs in the case, took time to accomplish. He also stated that he wished to allow sufficient time for Kaes to consider appealing the merits before moving for fees and costs. Kaes argued that he would be prejudiced if the court granted the motion despite its lateness:

> [U]nder 54(d), if a party's been prejudiced, then it still bars the -- the late motion. And Mr. Kaes made a decision based upon your order and based upon existing court rules to not appeal because they didn't. He's not particularly happy with the decision, respects the decision, but made a decision not to appeal because they

3

didn't come after him for fees and costs. Now three months later almost, they're here wanting fees and costs after he made a decision not to appeal because you didn't grant them.

Verbatim Rep. of Proc. at 6.

The trial court granted the motion for fees. It did not recall excising the portion of the proposed order pertaining to attorney fees and did not believe it had done so, explaining that the parties worked on the order outside of the court's presence and that the excised portion did not bear the judge's initials. It determined that the Rothes were not precluded from moving for attorney fees due to lateness. It also determined that Kaes failed to show prejudice because the timeline contained in the Civil Rules is not absolute; it contains "extenuating circumstances." *Id.* at 11.

On April 28, the trial court awarded attorney fees and costs in the amount of $14,665.00 to the Rothes. Kaes appeals the fee award.

ANALYSIS

I. ATTORNEY FEE AWARD

Kaes argues that the trial court lacked the authority[1] to enter the judgment against him on April 28, 2023. The Rothes argue that we should affirm the trial court because even if their motion

---

[1] Although Kaes styles his argument as a challenge to the trial court's *jurisdiction*, it is more properly understood as a challenge to the trial court's *authority* to enter such an award. Jurisdiction is the power of a court to hear and determine a case; it does not lapse simply because a party has missed a deadline contained in a statute or court rule. *In re Marriage of Buecking*, 179 Wn.2d 438, 447-48, 316 P.3d 999 (2013). To the extent Kaes identifies cases stating that a trial court may lose jurisdiction over a matter upon dismissal, these cases were decided before the supreme court clarified the contours of jurisdiction in *State v. Posey*, 174 Wn.2d 131, 139, 272 P.3d 840 (2012). The antiquated three-element view of jurisdiction underlying the cases Kaes cites for this premise (personal jurisdiction, subject matter jurisdiction, and jurisdiction to enter a particular judgment) has been squarely rejected by our state's highest court. *Buecking*, 179 Wn.2d at 447-48. We therefore treat his appeal as a challenge of the trial court's authority to enter the fee award at the time that it did.

was untimely, Kaes was not prejudiced. We disagree with the Rothes and remand for reconsideration of the motion.

A. LEGAL PRINCIPLES

The legal basis for a trial court's attorney fee award is a question of law that is reviewed de novo. *Pierce v. Bill & Melinda Gates Found.*, 15 Wn. App. 2d 419, 446-47, 475 P.3d 1011 (2020). Likewise, we review de novo a court's authority to impose sanctions for contempt of court. *In re Dependency of A.K.*, 162 Wn.2d 632, 644, 174 P.3d 11 (2007) (plurality opinion). We also review de novo the application of court rules to a particular set of facts. *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 525, 79 P.3d 1154 (2003).

RCW 7.21.030 permits the trial court to order attorney fees and costs incurred as a sanction for contempt. RCW 7.21.030(3). Similarly, CR 37 provides that attorney fees and costs may be awarded as a sanction for failure to comply with an order compelling discovery. CR 37(b)(2).

CR 54(d)(2) provides that a party's motion for attorney fees and costs "must be filed no later than 10 days after entry of judgment." The 10-day deadline applies "[u]nless otherwise provided by statute or order of the court." *Id.* The court has discretion to enlarge this timeline before expiration of the deadline for cause shown. CR 6(b).[2] After the original timeline has expired,

---

[2] CR 6(b) provides in full:

> **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion,
> (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or
> (2) upon motion made after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under rules 50(b), 52(b), 59(b), 59(d), and 60(b).

the court may enlarge the timeline upon a party's motion "where the failure to act was the result of excusable neglect." CR 6(b)(2).

In *O'Neill v. City of Shoreline*, Division One of this court held that the prejudice inquiry for a late attorney fee motion asks whether the opposing party's ability to defend against the motion was prejudiced by the court's enlargement of the timeline. 183 Wn. App. 15, 22, 332 P.3d 1099 (2014). In that case, the trial court granted fees and costs to O'Neill despite O'Neill's failure to timely seek those fees and costs. *Id.* at 18. The City of Shoreline argued to the trial court that the court was required to strike the motion as untimely due to O'Neill's failure to file a CR 6 motion to enlarge time or to show excusable neglect. *Id.* at 20. The trial court disagreed with the City, and Division One of this court affirmed. *Id.* at 18. Division One held that the O'Neills did not waive their right to recover fees because the City was not prejudiced in its ability to defend against the motion for fees. *Id.* at 23.

B. APPLICATION

As the parties agree, the motion seeking attorney fees was not timely filed under CR 54(d)(2). The plain language of CR 54(d)(2) provides that such a motion "must" be filed within 10 days unless excepted from the deadline by a statute or court order. Such an order can be obtained by filing a motion to enlarge time under CR 6(b) and showing excusable neglect. The parties agree that here, no such motion was made. The Rothes' attorney did not attempt to show the delay was

the result of excusable neglect. Under the plain language of the Civil Rules, the Rothes' motion was untimely.[3]

Having determined that the motion was untimely, we turn to the question of whether the trial court applied the correct legal standard when it concluded that Kaes was not prejudiced by its decision to hear the motion. Here, the Rothes urge us to rely on *O'Neill* and to affirm because Kaes has failed to show prejudice in the form of a compromised ability to defend against the motion for fees. However, we disagree with the prejudice inquiry outlined in *O'Neill* and decline to apply it to the facts of this case.

In conducting its prejudice inquiry, the *O'Neill* court relied on *Goucher v. J.R. Simplot Co.*, 104 Wn.2d 662, 709 P.2d 774 (1985), a case in which the trial court granted the defendant's motion in limine despite its violation of CR 6(d)'s time requirements. The supreme court in *Goucher* determined that the plaintiff was not prejudiced because the violation did not impact its ability to provide countervailing oral argument or to locate and submit case authority in support of its position. 104 Wn.2d at 665. *See also Zimny v. Lovric*, 59 Wn. App. 737, 740, 801 P.2d 259 (1990) (applying *Goucher*'s prejudice test for late motion in limine).

When it applied *Goucher* to the facts of *O'Neill*, Division One found "no meaningful distinction" between the time requirements of CR 6(d), governing motions in limine, and CR 54(d)(2), governing attorney fee motions. *O'Neill*, 183 Wn. App. at 23. Accordingly, it decided that the proper prejudice inquiry was whether the City could show " 'a lack of actual notice, a lack

---

[3] The Rothes alternatively argue that, because their December 2022 motion for contempt included a request for attorney fees, their motion should be considered timely. However, the order granting that motion and dismissing the case specifically struck the attorney fee award requested in that motion by the Rothes. We decline to hold that the December 2022 motion suffices to essentially preserve the Rothes' fee request in perpetuity.

of time to prepare for the motion, and no opportunity to provide countervailing oral argument and submit case authority.' " *Id.* at 22 (quoting *Zimny*, 59 Wn. App. at 740).

In our view, it was incorrect to import the prejudice test from CR 6(d)'s time requirement to the time requirement contained in CR 54(d)(2) because in doing so, *O'Neill* ignored the distinction between deadlines occurring *before* some event and deadlines occurring *after* some event. Whereas the CR 6(d) time requirement operates to give the nonmoving party sufficient time to respond to a particular motion, the 54(d)(2) timeline operates to require the prevailing party to move for fees quickly enough to ensure that the fee issue is resolved promptly to avoid a protracted period of uncertainty with respect to the costs of litigation. We view this as a meaningful distinction that should inform the prejudice inquiry when a party files an untimely motion for attorney fees.

Accordingly, we hold that the prejudice inquiry here should be more general and include consideration of Kaes' assertion that he abandoned his opportunity to appeal the underlying decision in consideration of his asserted belief that the Rothes did not plan to seek attorney fees. Indeed, if the Rothes had timely sought attorney fees then the only chance Kaes had to prevent an award of attorney fees to the Rothes was to prevail on the underlying decision through an appeal.

Our conclusion that the prejudice inquiry under CR 54(d)(2) should be broader than merely a compromised ability to respond to the motion is supported by both the Drafters' Comments to CR 54 and, by analogy, commentary on the similar federal rule. The Drafters' Comment to the amendment that imposed the 10-day requirement for attorney fee motions states:

> By imposing a ten-day deadline on the filing of motions for attorneys' fees, costs,
> and the like, the amendment to CR 54(d) is intended to prevent parties from raising

trial-level attorney fee issues very late in the appellate process, sometimes after one or all appellate briefs have been submitted.[4]

Similarly, commentary on the analogous federal rule notes that one purpose of the 14-day filing period contained in that rule is "to ensure that the opposing party has notice of the claim before the time for appeal has elapsed." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE§ 2680 (4th ed. 2014).

The Rothes accurately point out that Kaes has not shown he was prejudiced in his ability to defend against their motion for fees. Kaes' briefing argues instead that he was prejudiced in a more general sense because he made a strategic decision not to appeal the dismissal in reliance on the fact that the court did not enter a fee award at the time of dismissal. We hold that the correct prejudice inquiry is the general one.

Accordingly, we vacate the attorney fee award and remand for the trial court to reconsider the Rothes' motion for attorney fees and to apply the correct standard for determining whether Kaes was prejudiced by the Rothes' failure to adhere to the 10-day timeline contained in CR 54(d).

ATTORNEY FEES

The Rothes ask for attorney fees on appeal pursuant to RCW 7.21.030(3). That statute provides that, when a party is held in contempt, their opponent may recover "any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." RCW 7.21.030(3). This provision allows the court to compensate the opponent for the losses they suffer as a result of the contempt. *Id.* But here, the Rothes' costs in responding to Kaes' appeal are not a

---

[4] Bd. of Governors of the Wash. State Bar Ass'n, Suggested Amendment to Civil Rule (CR) 54 concerning Judgment and Costs (proposed 2007), WASH. CTS., https://www.courts.wa.gov/court_rules/?fa=court_rules.proposedRuleDisplay&amp;ruleId=83 (last visited Mar. 16, 2024).

result of the underlying contempt; they are a result of the Rothes' own lateness in moving for fees at the trial court level. We decline to award attorney fees on appeal.

CONCLUSION

We vacate the order awarding attorney fees and remand for reconsideration of the Rothes' attorney fee motion.

CRUSER, A.C.J.

We concur:

PRICE, J.

CHE, J.