IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| RHONDA PECK AND BRETT PECK, individually and as husband and wife and the marital community composed thereof,<br><br>Respondents,<br><br>v.<br><br>ENCOMPASS INSURANCE COMPANY OF AMERICA, a foreign insurer,<br><br>Appellant. | No. 85775-4-I<br>(consolidated with No. 85995-1-I)<br><br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND WITHDRAWING AND SUBSTITUTING OPINION |

Respondents Rhonda and Brett Peck filed a motion for reconsideration of the opinion filed on October 28, 2024 in the above case, and Encompass Insurance Company of America filed an opposition to the motion. The panel has determined that reconsideration of the portion of the analysis that addresses the Pecks' request for attorney fees on appeal should be granted and that the opinion filed on July 14, 2014 withdrawn and a substitute opinion filed. Now, therefore, it is hereby

ORDERED that respondents' motion for reconsideration is granted; it is hereby further

ORDERED that the opinion filed on October 28, 2024 shall be withdrawn and a substitute opinion shall be filed.

Brennan, J

Smith, C.J.

Dwyer, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| RHONDA PECK AND BRETT PECK, individually and as husband and wife and the marital community composed thereof, | No. 85775-4-I (consolidated with No. 85995-1-I) |
| Respondents, | |
| v. | UNPUBLISHED OPINION |
| ENCOMPASS INSURANCE COMPANY OF AMERICA, a foreign insurer, | |
| Appellant. | |

BOWMAN, J. — Rhonda and Brett Peck sued Encompass Insurance Company of America for breach of contract, insurance bad faith, and violations of the WAC, the Consumer Protection Act (CPA), chapter 19.86 RCW, and the Insurance Fair Conduct Act (IFCA), RCW 48.30.010 to .015. Encompass failed to appear or respond to their lawsuit, so the Pecks obtained a default order and judgment. When the Pecks tried to collect on the judgment, Encompass moved to set aside the default orders. The trial court first granted the motion but then granted the Pecks' motion for reconsideration and reinstated the default order and judgment. Encompass appeals. Because the trial court properly granted the Pecks' motion for reconsideration, we affirm.

FACTS

In August 2018, Rhonda[1] suffered injuries from a rear-end car collision in Redmond, which "totaled" her car.  The other driver was insured but had a policy limit of $50,000.  After negotiations, the other driver's insurance company settled with Rhonda for the policy limit.  Rhonda then claimed coverage under her own underinsured motorist (UIM) policy with Encompass.  Encompass did not dispute UIM coverage but denied the claim, concluding that the $50,000 settlement "fully compensated" Rhonda for her injuries.

In February 2021, the Pecks' attorney wrote to Encompass, alleging that it denied the claim in bad faith under RCW 48.01.030 and engaged in unfair settlement practices in violation of WAC 284-30-330.  It also put Encompass on notice that it violated the IFCA.  The next month, Encompass hired an attorney "to review and reply to" the Pecks' IFCA notice.  And on March 22, 2021, Encompass' attorney sent the Pecks a letter disputing any IFCA or WAC violations and asserting again that Encompass believed the $50,000 settlement "fully compensated" Rhonda.  But Encompass remained "willing to consider additional information."

According to Encompass, on May 13, 2021, both parties' attorneys discussed the claim in a phone call.  They talked about Rhonda's UIM claim and the possibility of a lawsuit given Encompass' response to the Pecks' IFCA notice. That same day, Encompass sent a form letter to the Pecks' lawyer, titled, "Re: Your Client's Claim Status."  The letter stated that the "medical and or wage

---

[1] We refer to Rhonda Peck by her first name when necessary for clarity and intend no disrespect by doing so.

investigation is continuing" and that Encompass would "continue to update" him on the status of Rhonda's claim. It concluded with, "If you want to discuss any concerns or questions regarding the claim process, please feel free to call."

On May 21, 2021, the Pecks sued Encompass, alleging breach of contract, WAC violations, violations of the CPA and the IFCA, and insurance bad faith. Three days later, the Pecks served the Office of the Insurance Commissioner (OIC) with a copy of the complaint and summons under RCW 48.05.200.[2] The OIC then forwarded the complaint and summons to Encompass.[3]

On June 10 and July 9, 2021, Encompass again sent form letters to the Pecks' attorney, explaining that Rhonda's "medical and or wage investigation is continuing," that Encompass would continue to update him on the status of the claim, and that he could call with any questions or concerns. But Encompass did not answer the Pecks' complaint. So, on July 12, 2021, the Pecks moved for an order of default. The trial court entered a default order the same day. And on May 13, 2022, the Pecks moved for default judgment, which the trial court also granted the same day.

In May 2023, the Pecks applied for a writ of garnishment, seeking to collect on their judgment. Nearly two months later, Encompass moved to set

---

[2] Under that statute, a foreign insurance company "must appoint the [OIC] as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within the state." RCW 48.05.200(1).

[3] While the record does not show that Encompass received service of process, Encompass acknowledges in its opening brief that the Pecks "served a Summons and Complaint through the [OIC]." Specifically, Encompass states it "received a copy of the Lawsuit on May 26, 2021."

aside the default orders. Encompass argued that it had a right to notice of the Pecks' motion for default because it substantially appeared in the lawsuit. Encompass asked the court to set aside the default orders under CR 55(a)(3) and 60(b)(4). The trial court granted the motion.

The Pecks then moved for reconsideration under CR 59(a)(7) and (9), arguing that the court's ruling is contrary to law and does not do substantial justice because Encompass' actions did not meet the legal standard for substantial appearance in their lawsuit. The court agreed, granted reconsideration under CR 59(a)(7) and (9), and reinstated the default order and judgment against Encompass.

Encompass appeals.

ANALYSIS

Encompass argues that the trial court erred by granting reconsideration because it (1) inappropriately relied on newly discovered evidence to reach its decision and (2) failed to recognize that the Pecks' misconduct entitled Encompass to relief under CR 60(b)(4). The Pecks dispute Encompass' allegations and seek attorney fees on appeal.

We review a trial court's order on reconsideration for abuse of discretion. *Rivers v. Wash. State Conf. of Mason Contractors*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *O'Neill v. City of Shoreline*, 183 Wn. App. 15, 21, 332 P.3d 1099 (2014). A court rests its decision on "untenable grounds" or bases it on "untenable reasons" if the court relies on

4

unsupported facts or applies the wrong legal standard. *Mayer v. Sto Indus., Inc.,* 156 Wn.2d 677, 684, 132 P.3d 115 (2006). The court's decision is "manifestly unreasonable" if, "despite applying the correct legal standard to the supported facts," the court "adopts a view 'that no reasonable person would take.' " *Id.*[4] (quoting *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

1. Newly Discovered Evidence

Encompass argues that the trial court abused its discretion by granting the Pecks' motion for reconsideration because it based its decision on newly discovered evidence. We disagree.

Under CR 59(a), a party can move for reconsideration of a trial court's order on several grounds. These grounds include when a party newly discovers material evidence that "the party could not with reasonable diligence have discovered and produced at the trial." CR 59(a)(4). A court may grant reconsideration based on newly discovered evidence if the evidence "(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching." *State v. Evans*, 45 Wn. App. 611, 613, 726 P.2d 1009 (1986).

Here, the Pecks attached several documents to their motion for reconsideration. Those documents include a declaration from their trial counsel; letters from Encompass to the Pecks dated December 18, 2020 and March 4, May 13, June 10, and July 9, 2021; two March 2021 letters from Encompass'

---

[4] Internal quotation marks omitted.

attorney Douglas Foley; a copy of the Pecks' attorney Ray Brooks' phone bill from May and June 2021; a certified mail receipt from the United States Postal Service; a certificate of service from the OIC; Brooks' request to the OIC to serve Encompass; the summons and complaint; the superior court case scheduling order; and the order granting Encompass' motion to set aside the default order and judgment. Of these documents, only Brooks' phone record was not previously before the court, which shows a 23-minute phone conversation between Brooks and Foley on May 12, 2021.

Encompass argues that these documents do not amount to newly discovered evidence under CR 59(a)(4) because they were available to the Pecks before they responded to its motion to set aside the default orders. Encompass is correct. But the Pecks did not move for reconsideration under CR 59(a)(4) or offer the documents as newly discovered evidence. And the trial court did not grant their motion based on newly discovered evidence. Instead, the Pecks argued that the trial court's order setting aside the default order and judgment was contrary to law and did not do substantial justice under CR 59(a)(7) and (9). And the trial court agreed.

As much as the trial court may have reviewed the Pecks' additional evidence in reaching its decision under CR 59(a)(7) and (9), the court did not err. In general, CR 59 does not prohibit the submission of new or additional evidence on reconsideration. *Martini v. Post*, 178 Wn. App. 153, 162, 313 P.3d 473 (2013). Whether to consider such evidence is left to the discretion of the trial

court.  *Id.*  And Encompass does not show why the court's decision to consider the additional evidence was untenable.

In any event, even if the trial court erred by considering the extra evidence, Encompass shows no prejudice.  The information attached to the Pecks' motion for reconsideration was mostly cumulative of evidence already before the court as part of Encompass' motion to set aside the default orders.  And while Brooks' phone bill was not originally before the court, it had no impact on the court's decision.  The trial court granted the motion for reconsideration because no evidence showed that Encompass discussed the Pecks' lawsuit or otherwise appeared in the case after the Pecks filed their complaint.  The bill showed only that Brooks and Foley discussed Rhonda's claim on May 12, 2021, a day earlier than the parties recalled.  And the call occurred well before the Pecks filed their complaint on May 21, 2021.

The trial court did not abuse its discretion by considering additional evidence in granting the Pecks' motion for reconsideration under CR 59(a)(7) and (9).

2.  <u>Misconduct Warranting Relief from Judgment</u>

Encompass argues that the trial court abused its discretion by reinstating the Pecks' default judgment.  It contends the Pecks obtained the judgment through misconduct warranting relief under CR 60(b)(4).  We disagree.

"For good cause shown and upon such terms as the court deems just, the court may set aside an entry of default and, if a judgment by default has been

7

entered, may likewise set it aside in accordance with rule 60(b)." CR 55(c)(1).[5]

Under CR 60(b)(4), a trial court can vacate a judgment for "[f]raud, . . .

misrepresentation, or other misconduct of an adverse party."[6] The misconduct

"must *cause* the entry of the judgment such that the losing party was prevented

from fully and fairly presenting its case or defense." *Lindgren v. Lindgren*, 58

Wn. App. 588, 596, 794 P.2d 526 (1990). And the party attacking a judgment

under CR 60(b)(4) "must establish the fraud, misrepresentation, or other

misconduct by clear and convincing evidence." *Id.* We review a trial court's

decision on a motion to set aside a default judgment for abuse of discretion.

*Little v. King*, 160 Wn.2d 696, 702, 161 P.3d 345 (2007).

Encompass argues that it "substantially appeared" in the Pecks' lawsuit

and that its substantial appearance entitled it to notice of the Pecks' motion for

default. It alleges the Pecks engaged in misconduct when they failed to notify

Encompass of the motion, warranting relief under CR 60(b)(4).

---

[5] Encompass argues that under CR 55(c)(1), it need show only "good cause" for relief from the default judgment. But the plain language of CR 55(c)(1) shows that the "good cause" burden applies when seeking relief from only default orders. Here, Encompass seeks relief from a default judgment, so it must show it is entitled to relief under CR 60(b).

[6] Encompass also argues that we should apply the *White* test in analyzing whether the court should have set aside the default judgment. *See White v. Holm*, 73 Wn.2d 348, 351-52, 438 P.2d 581 (1968). But courts use the *White* test to consider setting aside a default judgment under CR 60(b)(1), not CR 60(b)(4). *Id.*; *compare* CR 60(b)(1) (court may relieve a party from final judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity"), *with* CR 60(b)(4); *see also VanderStoep v. Guthrie*, 200 Wn. App. 507, 516-17, 402 P.3d 883 (2017) ("Whether a trial court should set aside a default judgment under CR 60(b)(1) depends upon application of [the] four-part test first articulated in *White*."); *Morin v. Burris*, 160 Wn.2d 745, 757-58, 161 P.3d 956 (2007) (*White* requires a showing of mistake, surprise, or excusable neglect). So, *White* is not applicable here.

Any party who has appeared in an action for any purpose "shall be served with a written notice of motion for default and the supporting affidavit at least [five] days before the hearing on the motion." CR 55(a)(3). But any party who has not appeared is not entitled to such notice. *Id.* Under RCW 4.28.210, a party "appears" in a proceeding when it "gives . . . written notice of [its] appearance."

Still, even absent a written notice of appearance under RCW 4.28.210, a party may substantially comply with the appearance requirements and be entitled to notice under CR 55. *See Morin v. Burris*, 160 Wn.2d 745, 756, 161 P.3d 956 (2007) ("appearance *in court* to resist a motion to convert a temporary restraining order into an injunctive was a general appearance entitling the defendant to notice of the default judgment hearing"). But substantial compliance generally requires a defendant take some formal or informal action after litigation begins, "acknowledging that the dispute is in court." *Id.* at 757.

In *Morin*, driver Morin submitted a claim to another driver's insurance company, Farmers, for compensation arising from a car collision. 160 Wn.2d at 750. Morin and the Farmers' claim representative spoke twice about the claim, and Morin's attorney engaged in unsuccessful negotiations to settle the claim. *Id.* Morin then sued Farmers. *Id.* Farmers did not answer the lawsuit, so Morin obtained a default judgment. *Id.* Farmers then moved to set aside the judgment, arguing that it substantially appeared in the lawsuit by negotiating Morin's claim, and its substantial appearance entitled it to notice when Morin sought an order of default. *Id.* at 751. Our Supreme Court disagreed and held that a party does not

9

substantially appear in a case when their only contact with the other party is prelitigation.  *Id.* at 757.  Instead, a party must take some action after the plaintiff files a case that acknowledges a dispute "is in court" before it has a right to notice of a motion for default.  *Id.*

This case is like *Morin*.  Rhonda filed a UIM claim and engaged in discussions with Encompass to resolve the claim.  The discussions included the exchange of emails and at least one telephone call between the Pecks' and Encompass' attorneys.  When Rhonda and Encompass could not resolve her claim, the Pecks sued.  After filing suit, the parties did not engage in any conversation that acknowledged the dispute in court.

Encompass argues the parties did engage in conversations after the Pecks filed their May 21, 2021 lawsuit.  It points to the June 10 and July 9, 2021 letters it sent to the Pecks' attorney, advising him that Rhonda's "medical and or wage investigation is continuing," that Encompass would continue to update him on the status of the claim, and that he could call with any questions or concerns. But those form letters refer to the status of only Rhonda's UIM claim; they do not relate to the pending litigation and do not acknowledge the Pecks' lawsuit.  As a result, the letters did not give rise to a duty to inform Encompass about the default motion.

Because Encompass fails to show that it substantially appeared in the Pecks' lawsuit, the Pecks did not engage in misconduct by not notifying it of the default motion, and the trial court did not abuse its discretion when it denied Encompass relief under CR 60(b)(4) on reconsideration.

3. Attorney Fees

The Pecks request attorney fees on appeal under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and the IFCA.

Under RAP 18.1(a), we may award attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees." The IFCA authorizes an award of "reasonable attorneys' fees and actual and statutory litigation costs" to the prevailing insured. RCW 48.30.015(2), (3); *Trinity Universal Ins. Co. of Kan. V. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 201, 312 P.3d 976 (2013). Because the Pecks prevail on their IFCA claim, we award them reasonable attorney fees on appeal.

Because Encompass fails to show that the trial court abused its discretion by granting the Pecks' motion for reconsideration and reinstating their default order and judgment, we affirm.

_____
Brennan, J

WE CONCUR:

_____    _____
Smith, C.J.                         Dwyer, J.